GLADYS M. JOHNSON vs. JOHN W. KEITH & others.[1]

Norfolk.   April 7, 1975. — July 8, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Condominiums*, By-laws, Rules and regulations.  *Real Property*, Restriction.  *Frauds, Statute of.*

In the circumstances, this court determined that "Rules and Regulations" adopted by the board of managers of a condominium and containing a rule that "[n]o animals . . . shall be . . . kept in any Unit" were made part of the by-laws of the condominium as rules and regulations and not to be treated as by-laws, and since G. L. c. 183A, § 11 (d), only authorized rules and regulations "governing the details and operation and use of the common areas and facilities" of a condominium, the rule respecting animals was without statutory authorization and could not be enforced against the owner of a unit who kept a dog. [317-321]

A unit in a condominium owned by one who had knowledge of all the terms of the condominium master deed and by-laws when she received her unit deed, which subjected her unit to the provisions of the master deed and by-laws, was not freed from the encumbrances of G. L. c. 183A, of the master deed or of the by-laws by the fact that the owner received her unit deed before the master deed was recorded. [321]

Sections 26-30 of G. L. c. 184, enacted in 1961, are inapplicable to the enforcement of restrictions against the owner of a unit in a condominium established under c. 183A, enacted in 1963. [321-322]

The Statute of Frauds does not bar enforcement of a restriction on the use of a condominium unit against its owner even though he has not assented in writing to the restriction. [322]

---

[1] The defendants are the board of managers of the condominium.

BILL IN EQUITY filed in the Superior Court on September 14, 1973.

The suit was heard by *Moynihan*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Sumner Bauman* for the plaintiff.

*Charles J. Bowser, Jr.,* for the defendants.

*Norman T. Byrnes & Philip S. Lapatin,* for Abstract Club & another, amici curiae, submitted a brief.

WILKINS, J. The plaintiff is the owner of a unit in a condominium in Stoughton, where she lives with a miniature poodle. She seeks a declaration against the board of managers of the condominium that a rule prohibiting the keeping of animals in condominium units is not valid and enforceable against her with respect to her dog.

Shortly before this action was commenced, the defendant board of managers advised the plaintiff that they would seek to collect a fine of $5 a day from her pursuant to the terms of the master deed of the condominium, if she did not dispose of her poodle. The plaintiff then brought this proceeding for a declaratory judgment. By counterclaim the defendants sought to collect the $5 a day fine, but agreed to waive damages if the court should rule, as it did, that the defendants were entitled to an injunction against the continued presence of the dog in her unit. The judge ruled that the regulation was valid and reasonable; that the plaintiff was bound by its provisions; and that the defendants were entitled to injunctive relief. The plaintiff appeals from a final decree entered accordingly. A stay was granted pending appeal. We granted direct appellate review.

The rule which the defendants seek to enforce is the fifth rule (Rule 5) in "Schedule A to By-Laws — Rules and Regulations for Knollsbrook Condominium One" (Rules and Regulations). Rule 5 states that "[n]o animals

or reptiles of any kind shall be raised, bred, or kept in any Unit or in the Common Areas and Facilities."

In order to determine the validity and enforceability of Rule 5, it is necessary to analyze certain provisions of G. L. c. 183A, inserted by St. 1963, c. 493, § 1, concerning condominiums. An owner of land may submit his land to the provisions of G. L. c. 183A by recording a master deed stating that the owner proposes "to create a condominium to be governed by and subject to the provisions of . . . [G. L. c. 183A]." § 2. The master deed must be recorded and must contain "[t]he name of the corporation, trust or association which has been formed and through which the unit owners will manage and regulate the condominium, together with a statement that such corporation, trust or association has enacted by-laws pursuant to this chapter." § 8 (i).

If the condominium is to be managed by an unincorporated association, as here, the master deed must set forth the names of the managing board. *Ibid.* The by-laws of the organization of unit owners in turn must contain certain provisions. § 11. They must provide "[t]he method of adopting and of amending administrative rules and regulations governing the details of the *operation and use of the common areas and facilities*" (emphasis supplied). § 11 (d). In addition, the by-laws must contain any "restrictions on and requirements respecting *the use and maintenance of the units* and the use of the common areas and facilities, not set forth in the master deed, as are designed to prevent unreasonable interference with the use of . . . [the owners'] respective units and of the common areas and facilities by the several unit owners" (emphasis supplied). § 11 (e).

Pursuant to G. L. c. 183A, the owner of the land in question here recorded a master deed on December 6, 1972, describing an unincorporated association to be managed by a board of managers and naming the initial managers. On the same day, "By-laws of Knollsbrook Condominium One" were recorded. These by-laws con-

tained a section concerning "Rules of Conduct," which is set forth in full in the margin.[2] In addition, the by-laws contained a section concerning restrictions on the use of units, which made no reference to the keeping of animals or pets. The by-laws provided for their amendment by a two-thirds vote of all unit owners (except where any by-law provision called for a larger percentage).

Although the section of the by-laws concerning rules of conduct, quoted at n. 2 below, made reference to the annexed Rules and Regulations, which were "made a part hereof as Schedule A," no such schedule was annexed to the recorded by-laws. The Rules and Regulations were recorded approximately eleven months later. It is clear, however, that the plaintiff had actual possession and knowledge of a copy of the master deed, the by-laws and the Rules and Regulations before she took title to her condominium unit.

The problem which confronts the defendant board of managers is that by statute administrative rules and regulations may govern the details of the use and operation of *common areas and facilities*. G. L. c. 183, § 11 (d). Rule 5, however, purports to regulate the keeping of animals not only in common areas and facilities but also "in any Unit." Thus as an administrative rule or regulation Rule 5 undertakes to regulate conduct in individual units without statutory authorization.

The defendants argue, however, that the Rules and Regulations were incorporated expressly into the by-laws

---

[2] "SECTION 15. Rules of Conduct. Rules and Regulations concerning the use of the Units and the Common Areas and Facilities may be promulgated and amended by the Board of Managers. A majority vote of Unit Owners at a meeting may overrule the Board. Copies of such Rules and Regulations shall be furnished by the Board of Managers to each Unit Owner prior to the time when the same shall become effective. Initial Rules and Regulations, which shall be effective until amended by the Board of Managers are annexed hereto and made a part hereof as Schedule A."

(see n. 2 above), and, therefore, they are by-law provisions, not rules and regulations. If the Rules and Regulations are by-laws, their provisions may be enforceable against the plaintiff because a by-law may apply to the *use of a condominium unit* if the by-law restrictions concern unreasonable interference with the use of the various units. § 11 (e).

We are unable to treat the Rules and Regulations as by-laws because the intent to do so is at best ambiguous. The Rules and Regulations may have been intended to constitute by-laws because in various respects they deal with the use of units as well as with the use of common areas. It is true, moreover, that the by-laws state that the Rules and Regulations are "made a part hereof." However, the applicable by-law language (n. 2, *supra*) provides for the amendment of the Rules and Regulations by the board of managers (subject to an overruling vote of the unit owners) and not by a two-thirds vote of the unit owners, as is required for a by-law amendment. Thus it appears that the Rules and Regulations were made part of the by-laws as rules and regulations and not with the intent that they be treated as by-laws. Any other result would leave uncertain the proper procedures to be followed in amending the Rules and Regulations, particularly those provisions dealing only with common areas and facilities. There is further doubt about the intended status of the Rules and Regulations as by-laws because they were not recorded with the by-laws. Where a person's right to use his or her own property is involved, any ambiguity in an asserted restriction of this type should be construed in favor of the freedom of the property from that restriction. See *Butler* v. *Haley Greystone Corp.* 352 Mass. 252, 258 (1967); *Brown* v. *Linnell,* 359 Mass. 446, 447 (1971).

Although the plaintiff is entitled to prevail in this proceeding on the ground that the subject matter of Rule 5 may not be dealt with in a rule or regulation, this technicality may be corrected by appropriate action of

the unit owners. We express no opinion, however, on whether Rule 5 would be an appropriate by-law in all respects under the authority of § 11, or whether a similar provision added to the master deed by amendment would be lawful in all circumstances.[3]

Although what we have said requires the entry of a decree declaring that Rule 5 may not be enforced against the plaintiff and thus disposes of this case, we can resolve promptly certain other issues argued by the plaintiff, which may be raised again in this dispute.[4] (a) The fact that the plaintiff received her unit deed before the master deed was recorded does not free her unit from the encumbrances of G. L. c. 183A, the master deed or the by-laws. She had knowledge of all of the terms of the master deed and the by-laws when she received her unit deed, which subjected her property to the provisions of the master deed and the by-laws. Of course, as to subsequent good faith purchasers, the fact that her unit deed was recorded after the recording of the master deed makes the date of the delivery of her unit deed inconsequential.[5] (b) The so called restriction statute (G. L. c. 184, §§ 26-30) is inapplicable to the enforcement of restrictions against the owner of a condominium unit. Its provisions are ill-suited to the enforcement of such restrictions. Moreover, the condominium statute, which was enacted in 1963 after the restriction statute (see St. 1961, c. 448, § 1), establishes a unit owner's obligation to comply with by-laws, rules and regulations and

---

[3] We see no basis for enforcing Rule 5 as regulating merely the use of the common areas or facilities, because on the evidence the plaintiff neither "raised, bred, [n]or kept" the poodle in a common area.

[4] We have been greatly aided in our analysis of the issues in this case, the first in this court under G. L. c. 183A, by the informative brief of the amici curiae.

[5] No claim is made that the unit deed was defective because it did not include the book, page and date of recording of the master deed as required by G. L. c. 183A, § 9. See G. L. c. 183, § 6A.

the lawful covenants, conditions and restrictions of the master deed and unit deed. See G. L. c. 183A, § 4 (3). Furthermore, because restrictions in the master deed and in the by-laws may be amended by the unit owners, they resemble municipal by-laws more than private deed restrictions. (c) We find no merit in the plaintiff's claim that the Statute of Frauds bars enforcement of an otherwise lawful restriction against a unit owner who has not assented in writing to that restriction. See *Snow* v. *Van Dam*, 291 Mass. 477, 482 (1935).

The final decree is reversed and a judgment shall be entered declaring that Rule 5 may not be enforced against the plaintiff.

*So ordered.*