GRANBY HEIGHTS ASSOCIATION, INC. *vs.* WILLIAM DEAN
& another.[1]

No. 93-P-1666.

Hampshire. November 17, 1994. - March 21, 1995.

Present: KASS, JACOBS, & GILLERMAN, JJ.

*Condominiums*, Animals, Common area. *Animal. Dog. Practice, Civil*,
Stipulation. *Consumer Protection Act*, Availability of remedy.

A rule promulgated by the board of directors of a condominium that pur-
ported to prohibit, at a minimum, the keeping of a large dog in any unit
was not enforceable as a use restriction where it was not contained in
either the by-laws of the condominium or its master deed. [268-270]
In an action brought by a condominium association to enforce a condomin-
ium rule that was ultimately determined to be invalid, the defendants'
counterclaim for violation of G. L. c. 93A was correctly dismissed
where the record did not demonstrate that the association was involved
in trade or commerce or that its actions were unfair or deceptive. [270]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 7, 1991.

The case was heard by *Francis X. Spina*, J.

*Steven M. Wise* for the defendants.

*Leslie McLellan* (*Sarah Lapuc Mullins* with her) for the
plaintiff.

JACOBS, J. When the defendants, after due warning, per-
sisted in walking their golden retriever, Michaelangelo,
across the common areas of the Granby Heights Condomin-
ium, the plaintiff obtained a judgment in the Superior Court
enjoining them "from using the common areas . . . to exer-
cise their dog, and from otherwise permitting their dog any
access to the common areas . . . except to carry the dog to a
vehicle for purposes of transporting the animal off premises."

[1]Rhonda Dean.

The defendants appeal from that judgment and from the dismissal of their counterclaim under G. L. c. 93A.[2] They argue that the condominium rule upon which the injunction is founded, and which generally prohibits animals outside of the units, is an invalid and unenforceable restriction. We agree.

The judgment is based upon stipulated facts filed with the court which, in relevant part, are as follows: The plaintiff corporation is an organization of unit owners formed, conformably with G. L. c. 183A, to manage the Granby Heights Condominium, comprising, according to its master deed, seventy-six dwelling units. The defendants have lived in Granby Heights since 1981 and became owners of a unit in 1984. Effective on December 3, 1985, the plaintiff's board of directors, by a vote of four to three, promulgated, as part of the condominium rules and regulations, Rule 6, which states in relevant part: *"NO ANIMAL IS ALLOWED OUTSIDE OF A UNIT!* Any animal outside of the interior walls of a unit is a violation of this rule."[3] Rule 6 has never been put to a vote of the unit owners nor has it been incorporated in the plaintiff's by-laws or in the condominium master deed.

Michaelangelo, acquired in December, 1989, has since occupied the defendants' unit with them and their three children. The plaintiff's request for injunctive relief was in response to complaints received by its board of directors that the defendants "walk" Michaelangelo in the common areas.

---

[2] The defendants also appeal from the denial of their motion to alter the judgment to permit them to walk their dog on a leash across the common areas of the condominium in order to exercise it off the premises. They do not pursue this aspect of their appeal and we, therefore, do not address it.

[3] Rule 6 also contains the following provisions: "Any noise or disturbance by a pet confined within a unit, deemed offensive to other residents . . . is also a violation of this rule"; pets allowed to be kept under a prior rule are "grandfathered," and may be walked on a leash in the common areas; and "[a]n animal being transported, *by vehicle* to or from a unit for medical or vacation boarding purposes is not considered a violation of the rule." The latter provision apparently is not construed by the plaintiff as prohibiting the carrying of animals across the common areas to get to an off premises site to "exercise."

1. *Rule 6.* On its face, Rule 6 permits pets to be "confined within a unit," and provides for the registration of "such animals" with the board of directors of the association. In a letter to the defendants, the plaintiff explained that it had replaced an earlier "NO PETS" rule with Rule 6 in order "to allow residents to own and enjoy a pet without being an annoyance to others." In fashioning his decision, the judge correctly determined that Rule 6 is not an absolute pet restriction. Compare *Noble* v. *Murphy*, 34 Mass. App. Ct. 452, 454 (1993). However, that conclusion alone does not resolve the issue.

The defendants argue that notwithstanding the rule's plain language, it effectively prohibits the keeping of dogs in the units, and, therefore, is invalid, because such a use restriction can be enforced only if it is contained either in the by-laws of the condominium or its master deed. They rely on G. L. c. 183A, § 11(*e*), as inserted by St. 1963, c. 493, § 1, which requires the by-laws of the organization of unit owners to provide at least "[s]uch restrictions on and requirements respecting the use and maintenance of the units and the use of the common areas and facilities, not set forth in the master deed, as are designed to prevent unreasonable interference with the use of their respective units and of the common areas and facilities by the several unit owners." This provision has been held to permit regulation of the use of a condominium unit that unreasonably interferes with the enjoyment by the various unit owners of their units, but only if the restriction is contained in the by-laws or master deed. *Johnson* v. *Keith*, 368 Mass. 316, 319-320 (1975). *Noble* v. *Murphy*, *supra* at 454 & n.4. The plaintiff does not contend that Rule 6 is incorporated in or has somehow ascended to the by-laws. Compare *Johnson* v. *Keith*, *supra* at 320; *Noble* v. *Murphy*, *supra* at 454.

The defendants' argument is grounded on a stipulation of the parties which states: "Rule 6 operates as a prohibition against keeping dogs within any unit." Focusing on a literal interpretation of the "clear and plain language of Rule 6," the judge swept aside the stipulation concluding that the rule

"does not ban the keeping of animals in any unit."[4] Beyond speculating as to the origin of the stipulation, he did not articulate any other reasons for rejecting it.

A court may vacate a stipulation of the parties if it deems it "improvident or not conducive to justice." *Loring* v. *Mercier*, 318 Mass. 599, 601 (1945). *Crittenton Hastings House of the Florence Crittenton League* v. *Board of Appeals of Boston*, 25 Mass. App. Ct. 704, 712 (1988). Taking into account Michaelangelo's size and weight (seventy pounds, we are told) and the plaintiff's concessions, it is apparent that the parties perceived Rule 6 as effectively prohibiting the keeping of *large* dogs in the units. That they settled on an overbroad and imprecise expression of their perception, renders the stipulation neither improvident nor unjust. The plaintiff, in argument to the judge, conceded that the keeping of a small dog within a unit is permissible, as is carrying such a dog across common areas for the purpose of getting to an off premises site to "exercise," but expressed "a disbelief that a golden retriever can be carried to a car to be driven off premises." Moreover, the plaintiff, in a notice of violation sent to the defendants, and in apparent reference to Michaelangelo and other large dogs, acknowledged that it is "unreasonable to prohibit some pets from going outside of the unit" and, in effect, inhumane to subject a large animal to "an environment that is not conducive to its well being." Rather than supporting the conclusion that the stipulation is improvident or not conducive to justice, the evidence before the judge accurately reflects the practical effect of Rule 6 as prohibiting, at a minimum, the keeping of a large dog in a unit, and indicates that the rule should be read as such. "It is apodictic that a stipulation should be read with an eye toward effectuating the parties' manifested intentions." *Dedham Water Co.* v. *Cumberland Farms Dairy, Inc.*, 972 F.2d 453, 462 (1st Cir. 1992). Without intimating that the form

---

[4]Consistent with his findings, the judge ordered judgment to be entered for the defendants as to so much of the plaintiff's complaint as sought "a permanent injunction preventing the defendants from keeping their dog in their unit." The plaintiff has not cross appealed from that judgment.

chosen by the condominium to curb the offending activity would be an appropriate by-law under G. L. c. 183A, § 11(*e*), we hold that Rule 6 may not be enforced as a rule or regulation.[5]

2. *General Laws c. 93A.* We do not disturb the judge's conclusion that the plaintiff did not violate G. L. c. 93A. There is no support in the record for the contention that the plaintiff is involved in trade or commerce, see G. L. c. 93A, § 1(*b*), or that it has acted unfairly or deceptively in the sense that its conduct has been "immoral, unethical, oppressive or unscrupulous." *PMP Assocs., Inc.* v. *Globe Newspaper Co.*, 366 Mass. 593, 596 (1975). See *Levings* v. *Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 503-504 (1979).

Accordingly, the judgment is reversed insofar as it enjoins the defendants from using the common areas of Granby Heights Condominium to exercise their dog or from permitting their dog access to the common areas. The remainder of the judgment is affirmed.

*So ordered.*

---

[5]In *Johnson* v. *Keith*, 368 Mass. at 320-321, the Supreme Judicial Court observed that the "technicality" of a restriction improperly being embodied in a rule of a condominium "may be corrected by appropriate action of the unit owners." As to the validity of a by-law containing a reasonable pet restriction, see *Noble* v. *Murphy*, 34 Mass. App. Ct. at 455-460.