Toomey, J.
INTRODUCTION
Plaintiffs, Patricia Devine, Joyce Marszalkowski, and Carol Hall, are the Trustees of the Mountainshire Condominium complex in Worcester, Massachusetts. The plaintiffs seek to permanently enjoin the defendant condominium owners, Cynthia and Ernst Fischer, Richard and Claudette Alfego, Leif and Siw Kristiansson, and Mitchell and Rita Gregarczyk from displaying signs in or upon their individual condominium units.
This matter is before the court on plaintiffs’ motion for summary judgment pursuant to Mass.R.Civ.P. 56(a). The plaintiffs and defendants, Leif and Siw Kristiansson filed memoranda of law and the court heard argument on March 15,1996. For the following reasons, the motion for summary judgment is ALLOWED.
BACKGROUND
For the purposes of this motion, the following facts are undisputed. The plaintiffs are the Trustees of the Mountainshire Condominium Trust. The Trust is the organization of unit owners of Mountainshire Condominium, located at 50 Mountainshire Drive, Worcester, Massachusetts and established under G.L.c. 183A by Declaration of Trust and Master Deed, both dated July 29, 1983. The Declaration ofTrust and Master Deed were recorded in the Worcester District Registry of Deeds on August 1, 1983.
All of the defendants are owners and or residents of a Mountainshire condominium. Defendant Cynthia Fischer has owned Unit 16 since July 1, 1992. Defendant Ernst Fischer resides with Cynthia Fischer. Defendants Leif and Siw Kristiansson have been the owners of Unit 39 since July 21, 1992. Defendants Richard and Claudette Alfego have owned Unit 43 since August 9, 1986. Defendants Mitchell and Rita Gregarczyk have owned Unit 18 since May 11, 1984.
Beginning in or around June 1994, the defendants affixed or placed hand-printed signs in their windows and in common areas of the condominium complex. The signs expressed their dissatisfaction with Mountainshire Condominium. The Trustees considered that the placement of such signs was a violation of §6.9(C)(c) of the Declaration ofTrust which provides in relevant part:
the architectural integrity of the Building and the Units shall be preserved without modification, and to that end, without limiting the generality: no porch, deck, balcony . . . sign, (including “for sale” and “for rent” signs), banner or other device . . . shall be erected or placed upon or attached to any such Unit or any part thereof. . .
The defendants refused to comply with the Trustees’ repeated request that they remove the signs, arguing that the request infringed upon their First Amendment right of free speech. The defendants also contended that the plaintiffs permitted other unit owners to place decals and other decorations on the exterior of their doors and the interior of their windows in violation of §6.9(C)(c).
On September 2, 1994, this court (Carhart, J.) granted the plaintiffs’ motion for a preliminary injunction enjoining the defendants from maintaining signs in the common areas of the condominium complex. The injunction did not reach the defendants’ own units. Judge Carhart did not address whether penalty fees for failure to comply with the Declaration ofTrust were warranted.
Defendant Leif Kristiansson alleges that all of the signs have since been removed.
STANDARD OF REVIEW
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The existence of disputed facts is consequential only if those facts have a material bearing on the disposition of the case. Norwood v. Adams-Russell Co., 401 Mass. 677, 683 (1988). A party in a civil action moving for summary judgment on a claim on which the opposing party will have the burden of proof at trial is entitled to summary judgment if the moving party demonstrates, by reference to the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, that the opposing party has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion for summary judgment.” Pederson v. Time, Inc. 404 Mass. 14, 17 (1989).
*195 DISCUSSION
In determining whether the plaintiffs have established the absence of a genuine issue of material fact and are thus entitled to a permanent injunction as a matter of law, the court will begin by reviewing the arguments raised by the defendants in opposition to the motion.
Mootness
The defendants preliminarily contend that because they have removed all of the signs, the case is moot and should not be heard. “Ordinarily, litigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome.” Stokes v. Superintendent, Mass. Correctional Inst., Walpole, 389 Mass. 883, 886 (1983). An exception exists for controversies “capable of repetition, yet evading review.” Ottaway Newspapers, Inc. v. Appeals Court, 372 Mass. 539, 550 (1977). Because this same issue regarding the validity of the restriction is likely to arise again by reason of the conduct of either these defendants or other condominium owners, the court finds that the case at bar is not moot.
Notice of the Restriction
The Kristianssons argue that they should not be bound to the restrictions in the Declaration of Trust because they never expressly agreed to them. This court disagrees.
Massachusetts law recognizes that restrictions may be imposed on the uses that may be made of condominium units. Franklin v. Spadafora, 388 Mass. 764, 774 (1983). Specifically, G.L.c. 183A, §8(g) requires the owner of a condominium complex to record the master deed in the registiy of deeds and to set forth within it “[a] statement of the purposes for which the building and each of the units are intended and the restrictions, if any, as to their use.” Additionally, G.L.c. 183, §ll(e) requires that any “restrictions on and requirements respecting the use and maintenance of the units and the use of the common areas and facilities, not set forth in the master deed, as are designed to prevent unreasonable interference with the use of their respective units and of the common areas and facilities by the several unit owners” be provided for in the organization’s by-laws.
The provision at issue, namely §6.9(C) (c) of the Declaration of Trust, has been in effect since the date of its recording, August 1, 1983. The Trust expressly made unit ownership subject to Trust §6.9(C)(c) and restrictions listed in the master deed. All of the defendants received their unit deeds after the Trust and master deed were recorded. Thus, constructive notice of the restriction regarding signs is chargeable to all of the defendants as of the time they obtained ownership of their units. See Noble v. Murphy, 34 Mass.App.Ct. 452, 458 (1993) (citing Tosney v. Chelmsford Village Condominium Ass’n, 397 Mass. 683, 688 (1986)).
Estoppel
The defendants also contend that summary judgment is inappropriate because there are triable issues of fact regarding whether the plaintiffs should be estopped from seeking an injunction. In order to give rise to estoppel, the defendants must show (1) a representation, or conduct amounting to a representation, intended to induce a course of conduct on the part of the person to whom the representation is made; (2) an act or omission resulting from the representation; and (3) detriment to the person as a consequence of the act of omission. Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 123 (1992). There is evidence that the plaintiffs have permitted other unit owners to place decals or other decorations on their doors or the interior of their windows for a period of years. See Affidavit of Leif Kristiansson and attached photographs (photos of doors with "wreaths or decorations and lamp post with hanging kite). However, there has been no showing that signs, such as the ones posted by the defendants, have been posted by others without objection by the plaintiffs. Without any such evidence, this court cannot find that the defendants reasonably relied to their detriment on the plaintiffs’ tolerance. Accordingly, the estoppel argument must fail.
Waiver
This court is also not persuaded that the plaintiffs waived their right to seek injunctive relief. “Waiver is the intentional relinquishment of a known right.” Rose v. Regan, 344 Mass. 223, 229 (1962). The defendants have failed to produce any evidence in the form of a statement, written or oral, or intentional conduct by the plaintiffs indicating that they voluntarily relinquished their right to enforce the terms of the Declaration of Trust. Mere allegations of waiver are insufficient to raise a genuine issue of material fact. See LaLonde, supra at 209.
Constitutional Violations: State Action
As there are no triable issues of fact, the court must determine whether the provisions of the Declaration of Trust, prohibiting the placement of signs in the interior windows of the condominium units, are constitutionally valid.
As noted supra, G.L.c. 183A, §§8(g) and 11(e) permit restrictions of the use of condominium units. By so permitting, the statutes allow developers and units owners “planning flexibility.” Noble, supra at 456. The most common standard for reviewing condominium use restrictions is “equitable reasonableness.” Id. at 457. Additionally, “[a] common use restriction appearing in originating documents which predate the purchase of individual units may be subject to even more liberal review than if promulgated after units have been individually acquired.” Id. at 458 (emphasis added). This bias in favor of the restriction is justified by the fact that “each individual unit owner purchases *196 his unit knowing of and accepting the restrictions to be imposed.” Id. at 459. Such restrictions “will not be invalidated absent a showing that they are wholly arbitrary in their application, in violation of public policy, or that they abrogate some fundamental constitutional right...” Id. (quoting Hidden Harbour Estates, Inc. v. Basso, 393 So. 2d 637, 639-40 (Fla. Dist. Ct.App. 1981)).[3]
The defendants contend that prohibiting the placement of signs in their windows is a prior restraint on their First Amendment right of free speech. In response, the plaintiffs take the position that there can be no infringement of the defendants’ constitutional rights because there is no state action. It is well established that the Fourteenth Amendment of the United States Constitution through which the guaranties of the First Amendment relating to free speech are made applicable to the states, regulates “state” action and not merely private conduct. Commonwealth v. Hood, 389 Mass. 581, 584 (1983). Absent the foundation element of state involvement in the restriction, the constitutional argument of the defendants cannot prevail.
The Supreme Judicial Court has never directly addressed whether a condominium by-law constitutes sufficient state action to trigger constitutional guarantees. In two decisions, however the Court has hinted that the state action requisite might be satisfied by the existence of a by-law. See Franklin, supra at 773 (“Because we conclude that the amendment did not deprive the plaintiffs of any constitutional rights, we may assume, without deciding, that the amendment represents state action.”); Johnson v. Keith, 368 Mass. 316, 321-22 (1975) (condominium by-laws, because amendable and mandating compliance, resemble municipal by-laws more than private deed restrictions). The Court has noted, however, that judicial analysis for determining a by-law’s constitutional validity should only be engaged in cases where state action is “clearly present.” Franklin, supra at 774 n. 17.
In deciding whether the Mountainside Condominium’s Trustees’s enforcement of its Declaration of Trust “clearly” constitutes “state action” the court must consider several factors. One consideration is “whether the function performed [by the Condominium Trustees] has been ‘traditionally the exclusive perogative of the State.’ ” Phillips v. Youth Dev. Program Inc., 14 Mass.App.Ct. 626, 636 (1982), aff'd 390 Mass. 652 (1983) (emphasis in original) (citing Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982)). Mountainshire Condominium does provide the unit owners with snow and trash removal, road maintenance, and the collection of common area fees, all of which are maintenance duties commonly performed by government. However, the state does not have the exclusive right to provide such services. It may be judicially noted that there exist private companies which contract with homeowners to remove their trash and plow their driveways. There being no exclusiveness in the state’s provision of the service, there is no reason to view the Trust as engaged in state action.[4]
Another factor to consider is whether Mountainshire Condominium is subject to extensive control by the Commonwealth. See Phillips, supra at 637. As was noted, supra, the Legislature granted condominium organizations broad power to impose restrictions on the permissible uses of units. See G.L.c. 183A, §§8(g) and 11(e). Such restrictions are “not zoning ordinance[s] adopted under the police power but rather [by] mutual agreement entered into by all condominium apartment owners of the complex. With this type of land use restriction, an individual can choose at. the time of purchase whether to sign an agreement with these restrictions or limitations.” Franklin, supra at 773 (quoting White Egret Condominium, Inc. v. Franklin, 379 So. 2d 346, 350 (Fla. 1979)). The decision to restrict the placement of banners and signs on units or in their interior windows was made by the Trustees. The defendants have offered no evidence to suggest that the Commonwealth participated or coerced Mountainshire Condominium to impose the restriction. Accordingly, the Commonwealth does not have extensive control over the day-to-day operations and decision making at the condominium complex and the relative independence of Mountainshire Condominium strongly suggests the absence of state action.
In sum, the defendants have failed to show that “there is a sufficiently close nexus between the [Commonwealth] and the challenged action of the [Mountainshire Condominium Trustees] so that the action of the latter may be fairly treated as that of the state itself.” Phillips, supra at 638 (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). Because the Mountainshire Condominium’s Trust restriction, §6.9(C)(c), does not clearly constitute state action, and the foundation for constitutional analysis is thus not in place, there is no occasion for the court now to address whether the restriction is violative of the defendants’ substantive constitutional rights.
ORDER
For the foregoing reasons, the plaintiff Trustees’ motion for summary judgment is ALLOWED and the defendants are hereby ORDERED to refrain permanently from erecting, placing upon, attaching or maintaining in the windows of their condominium units or the common areas of Mountainshire Condominium or in or upon any surface contemplated by §6.9(C)(c) of the Declaration of Trust any signs, banners or other devices.

The defendants have alluded to the restriction as being wholly arbitraiy in application and in violation of public policy. The mere assertion of a legal conclusion, however, without any facts in support or substantive analysis, is insufficient to raise a legal argument. Accordingly, the inquiry will turn upon the Trustees’ compliance with constitutional compulsions.

Additionally, the costs of services provided by the Trust are paid out of the owners’ fees, not from taxpayers’ dollars.