Giles, J.
Plaintiffs, Ernest L. Fisher and Doris Fisher (“the Fishers”), owned a condominium unit associated with the Royal Crest Country Club Condominium Trust (“Royal Crest”). A dispute arose between the Fishers and Royal Crest as to whether the Fishers were permitted to keep a pet dog in their unit. The Fishers fried a complaint in the small claims session of the Concord District Court (“the small claims court”) pursuant to G.L.c. 183A[1] and received a judgment in their favor against Royal Crest. Subsequently, the Fishers filed this action seeking additional damages based on the same underlying facts as the small claims *263 action. Royal Crest has now moved to dismiss or, in the alternative, for summary judgment, based on the doctrine of claim preclusion and other defenses. For the reasons discussed below, Royal Crest’s motion for summary judgment against the Fishers is ALLOWED.
BACKGROUND
The undisputed material facts are as follows: In 1978, the Fishers purchased a condominium unit associated with Royal Crest. Throughout their occupancy, the Fishers have kept a pet dog in the unit. In 1993, the master deed of the condominium was amended to require the approval of the trustees of Royal Crest to keep a dog in any unit. Royal Crest withheld approval of the Fishers’ request to keep their dog; and, subsequently, Royal Crest fined the Fishers $25.00 a day for the first thirty days, and $50.00 per day for each day thereafter, that the dog remained in the unit.
On January 22, 1999, Ernest Fisher filed an action in the small claims session of the Concord District Court, alleging that the fines levied against the Fishers were in violation of G.L.c. 183A.[2] The small claims complaint also alleged that Ernest Fisher was “forced to sell his condo below market value, purchase another home at a far greater cost, incur attorneys (sic) fees, moving expenses and [that he suffered great emotional distress at the age of 76.” On May 11, 1999, a judgment in the amount of $2,019.00 was entered against Royal Crest and in favor of Ernest Fisher. Royal Crest paid the judgment on June 9, 1999.
On October 27, 1999, the Fishers filed a complaint in the Middlesex County Superior Court alleging that Royal Crest violated: (1) G.L.c. 183A (Count I); (2) both state and federal law pursuant to the Americans with Disabilities Act (Count II); (3) G.L.c. 15 IB (Count III);[3] and (4) G.L.c. 93A (Count IV). The Superior Court claims are based on the changed master deed, failure to approve the Fishers’ request to keep their dog in their condominium unit, and the fines assessed by Royal Crest against the Fishers. The Fishers allege they were harmed because they “were effectively dispossessed of their home and forced to sell their condominium unit, which sale and subsequent move did cause them to incur significant costs and expenses.”
DISCUSSION
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 232 (1997); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not bear the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the nonmoving party’s case or by demonstrating that the nonmoving party has no reasonable expectation of proving an essential element of its case. Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
After a judgment was entered in their favor in the small claims court, the Fishers filed a complaint in Superior Court alleging different causes of action and requesting additional damages. Royal Crest argues that it is entitled to summary judgment because the causes of action alleged in the Fishers’ Superior Court complaint could and should have been brought in the small claims action. This court agrees.
“The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privities, and bars further litigation of all matters that were or should have been adjudicated in the action.” Heacock v. Heacock, 402 Mass. 21, 23 (1988); see Bagley v. Moxley, 407 Mass. 633, 637 (1990); Willett v. Webster, 337 Mass. 98, 102 (1958). A subsequent action is precluded if it arises “out of the same transaction, act, or agreement” and seeks “redress for the same wrong.” Loguidice v. Passalacqua, 1992 Mass.App.Div. 210 (1992) quoting, Mackintosh v. Chambers, 285 Mass. 594, 596 (1944); see Brandford v. Richards, 11 Mass.App.Ct. 595, 598 (1981).
Claim preclusion has been applied to small claims actions. See Loguidice, 1992 Mass.App.Div. 210. In Loguidice, the plaintiff limited his request for damages to particular invoices in order to meet the jurisdictional requirement that actions in small claims court be limited to $1,500.00.[4] Id. at 211. Then, in a later action, the plaintiff sought damages for different invoices which could have been included in the original action. Id. The court held that simply “because the plaintiff selectively sought payment of certain invoices and not others in order to avail himself of the $1,500.00 jurisdictional limits and. convenience of small claims court, and because he lacked the diligence to raise his G.L.c. 93A claim in his original action as he could have, he cannot now be heard to complain of the conclusive, binding effect of the judgment of his chosen forum.” Id.
Here, there is no dispute that the Superior Court action is between the same parties, that it arises out of the same acts, and seeks redress for the same wrongs as the Fishers’ small claims action. Instead, the Fishers argue that they could not bring all of their claims in the small claims court because their damages for the claims *264 now brought in Superior Court exceed the jurisdictional limit of $2000.00. This argument is unconvincing. The Fishers chose the small claims court as their initial forum. They cannot now bring additional claims simply because they chose to limit the amount of damages sought in order to conform with the jurisdictional requirements of the small claims forum or lacked the diligence to bring all the claims that arose from the acts of Royal Crest in the previous action. Loguldice, 1992 Mass.App.Div. 210. Since all of the counts alleged in this complaint could have been brought in the original small claims forum, Royal Crest is entitled to summary judgment on all four counts of the Fishers’ complaint, as a matter of law.
Moreover, this court notes that none of the Fishers’ claims is substantively viable. The Fishers allege that Royal Crest violated both state and federal law pursuant 42 U.S.C. §4151, the Americans with Disabilities Act (“the ADA”). The ADA, however, does not apply to privately owned residential structures not leased to the government. Independent Housing Services of San Francisco v. Fillmore Center Associates, 840 F.Sup. 1328, 1342 (N.D.Cal. 1993). Here, the Fishers’ condominium unit does not fall within the purview of the ADA; therefore, Royal Crest is entitled to summary judgment as to this count.
Next, the Fishers allege that Royal Crest violated G.L.c. 15IB, §9, the Massachusetts Anti-Discrimination Act. This claim, however, is not properly before this court because the Fishers have failed to file a complaint with the Massachusetts Commission Against Discrimination (MCAD). “An action cannot be brought in the Superior Court under G.L.c. 15IB, §9, unless it is preceded by the filing of a complaint of unlawful discrimination with the MCAD within six months of the occurrence of the discriminatory event. See G.L.c. 15IB, §5.” Carter v. Commissioner of Correction, 43 Mass.App.Ct. 212, 217 (1997).
Relying upon Cristo v. Boyle Insurance Agency, Inc., 402 Mass. 815 (1988), and an affidavit by their attorney, which alleges that she was informed by an MCAD official that the plaintiffs’ claim was not of a type required to be filed with the agency, the plaintiffs contend that the required filing with MCAD may be waived. The Fishers’ reliance on Cristo, however, is misplaced. Cristo stands for the proposition that, where intake personnel of the MCAD thwart a plaintiffs attempt to file a complaint, the six-month period for filing with the MCAD may be equitably tolled, not that the filing requirement can be excused entirely. 402 Mass. at 815. Here, even if the Fishers initially failed to file their complaint for good cause, they still have not filed with the MCAD. Therefore, this claim is not properly before this court; and Royal Crest is entitled to summary judgment.
Finally, the Fishers allege that Royal Crest violated G.L.c. 93A. G.L.c 93A prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. G.L.c. 93A, §2(a). However, “where the transaction is strictly private in nature, and is no way undertaken in the ordinary course of trade or business" the remedies of c. 93A are not available. Lantner v. Carson, 374 Mass. 606, 608 (1978). Further, the Supreme Judicial Court has ruled that a condominium association’s prohibition against large dogs in individual units does not involve trade or commerce. Granby Heights Association, Inc. v. Dean, 38 Mass.App.Ct. 266, 270 (1995). Here, as in Granby Heights, there is no support in the record that Royal Crest was involved in trade or commerce when it attempted to prohibit the Fishers’ from keeping a dog in their condominium unit. The prohibition keeping against a dog in the unit was private in nature and involved no trade or commerce. Royal Crest is entitled to summary judgment as to Count IV.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion for summary judgment of defendant Royal Crest is ALLOWED.

 Although the small claims complaint explicitly states that it was filed pursuant to G.L.c. 183, this appears to be a typographical error since the chapter regulating condominiums is c. 183A.

Ernest Fisher appears to have signed the small claims complaint on January 10, 1999, but it was actually filed on. January 22, 1999.

In Count III, the plaintiffs also allege violations of chapter ”272 et seq. and or Chapter 129 et seq.” The plaintiffs do not identify which section or sections of each chapter the defendant allegedly violated. This court has reviewed G.L.c. 129, Livestock Disease Control (Animal Health), and G.L.c. 272, Crimes Against Chastity, Morality, Decency and Good Order, in their entireties, and has found no section which is applicable to the facts alleged in this case.

The jurisdictional limit in small claims court has been increased to $2,000.00.