Cratsley, John C., J.
The plaintiffs, Trustees of the Beacon on the Charles Condominium Trust (“Plaintiff’), have brought a Motion for Summary Judgment on their Complaint against the defendants, Bruce W. Adler and Regina M. Hurley, Trustees of the Boca Real Estate Trust (“Defendant”) pursuant to Rule 56(c). The nature of the original Complaint is an action under G.L.c. 183A, §6 to recover unpaid common expenses from the unit owner. The defendant opposes the plaintiffs’ Motion for Summary Judgment and brings his own Cross Motion for Summary Judgment pursuant to Rule 56(c). For the following reasons, the plaintiffs’ Motion for Summary Judgment is DENIED, and the defendant’s Cross Motion for Summary Judgment is ALLOWED.
BACKGROUND
The central facts of this case are undisputed. The defendant owns unit #337-7 in the condo building located at 334 Beacon Street in Boston, MA. The condo is governed by a Master Deed, By-Laws, and Rules and Regulations. The Rules and Regulations of the condo provide that a unit owner may not be allowed to keep a pet that the Trustees determine is a nuisance to others, and that unit owners are not to engage in “noxious” or “offensive” activities, including those that produce noise which is disruptive to other unit owners. See Rules and Regulations, paragraphs 4 and 9, Exhibit B, pages 25-26.
In June of 2007, the defendant rented the unit to a tenant, Harry Sun (“Tenant”). The tenant had a pet dog that lived with him in the unit. In May of 2009, the plaintiff began formal notification to the defendant that the Tenant’s dog was a nuisance.[1] The plaintiff began assessing fines of $50 per day against the defendant on October 8,2009 for violation of the above mentioned Rules and Regulations of the condominium. In May of 2010, the tenant and his dog vacated the unit. The plaintiff states that the total amount owed by the defendant as “common expenses” pursuant to the assessed fines is $13,906.20.[2]
DISCUSSION
I. Summary Judgment Standard
Summary Judgment is appropriate when there is no triable issue of fact. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 643-44 (2002). A Motion for Summary Judgment can be defeated by specific facts that establish a genuine, triable issue of fact. First National Bank v. Slade, 379 Mass. 243 (1976). The non-moving party must allege specific facts, supported by affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. LeLonde v. Eissner, 405 Mass. 207, 209 (1989); Mass.R.Civ.P. 56(e). In deciding a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. Girardi v. Gabriel, 38 Mass.App.Ct. 533, 554 (1995).
The plaintiff asserts that there is no triable issue of fact in this case, as the defendant is obligated by law to pay common expenses, per G.L.c. 183A, §6. In response, the defendant argues that the plaintiff has not supplied evidence that the proper procedure under the Condo bylaws was followed in assessing the fines. This argument by the defendant is a mere allegation and, thus, insufficient to raise a genuine issue of material fact.
The plaintiff further asserts that the defendant is not permitted to withhold payment of common expenses as a matter of law, citing Blood v. Edgar’s, Inc., 36 Mass.App.Ct. 402 (1994). In response, the defendant argues that the plaintiff has no authority to assess these fines under the classification of “common expenses.” This issue of law determines the cross motions for Summary Judgment.
II. Defendant’s Obligation to Pay Common Expenses
The plaintiff argues that summary judgment is appropriate because the defendant has no defense, as a matter of law, to the non-payment of common expenses. The rule announced in Blood states that a unit owner cannot resort to the self-help remedy of nonpayment absent an affirmative judgment that the assessed fines are illegal. Blood, 36 Mass.App.Ct. at 404 (“a unit owner in a condominium may not challenge a common expense assessment by refusing to *232 pay it”). This rule is intended to protect the financial integrity of the condo association. See Trustees of the Prince Condominium v. Prosser, 412 Mass. 723, 725-26 (1992). In the present case, the defendant did not obtain an affirmative judgment on the legality of the fines that the plaintiff assessed as “common expenses.”
While the rule that a unit owner may not withhold payment of common expenses is an important one, there are cases which distinguish this rule. In Trustees of Hunter’s Village Condo v. Gerke, Mass.App.Div. 23 (2007), the defendant condo owner was able to successfully challenge the plaintiff Trustee’s complaint for payment of assessed common expenses by challenging the validity of the fines as “common expenses.” The theory in Trustees was that there was no relationship between the defendant as a unit owner and the fines assessed as “common expenses." In Brookside Condominium Trust v. Zuliani, 1999 WL 1331233 (Mass.Super.) [9 Mass. L. Rptr. 652), Judge Gants found that fines unlawfully designated as “common expenses” would not be enforced as common expenses under G.L.c. 183A. Even in Blood v. Edgar’s, which the plaintiff cites, the Appeals Court found that a portion of the assessed expenses were, in fact, unlawfully classified as “common expenses,” and did not award that portion of the expenses to the plaintiff condo trustees in that case.[3] Blood, 36 Mass.App.Ct. at 408. Following these exceptions to the rule set forth in Blood, the primary question in this case is whether the fines assessed against the defendant are lawfully characterized as “common expenses.”
III. Analysis of Plaintiffs Designation of these Fines as Common Expenses
The definition of “common expenses” is found in G.L.c. 183A, §1 as “the expenses of administration, maintenance, repair, or replacement of the common areas and facilities, and expenses declared common expenses by this chapter.” There is no claim by the plaintiff that the fines imposed on the defendant are for the “administration, maintenance, repair, or replacement of the common areas and facilities” of the condominium. Therefore, I must evaluate whether statutory or case law support the plaintiffs assertion that the fines imposed for a violation of the Rules and Regulations can be considered “common expenses” by G.L.c. 183A. Violations of rules and regulations, as well as “misconduct”[4] of the unit owner or his tenant, may be subject to enforcement as a “common expense.” G.L.c. 183A, §6(a)(ii). However, G.L.c. 183A, §11 (d) states that rules and regulations may only apply to common areas of the building and not to individual units.[5] Further, G.L.c. 183A, §11 (e) specifically states that restrictions on private use of units that are intended to prevent “unreasonable interference” with the enjoyment of other units shall be in the by-laws, rather than simply in the rules and regulations, in order to be valid. Therefore, the question in this case is whether the rules and regulations purportedly violated by the defendant are found in the By-laws of the condominium, and thereby enforceable as a “common expense” under G.L.c. 183A.
In order for fines assessed for violations of rules and regulations to be considered “common expenses” and enforced as such, the rule or regulation in question must be “unambiguously” incorporated into the condo bylaws. Johnson v. Keith, 368 Mass. 316, 320 (1975). Brookside, citing Johnson, provides guidance on how to evaluate whether the Rules and Regulations are “unambiguously” incorporated into the By-Laws. Mere statements of incorporation of rules and regulations are not sufficiently unambiguous. “(B]y the Trustees adopting the Rules and Regulations, the Declaration ofTrust does not transform them into By-Laws or provisions of the Declaration of Trust.” Brookside, 1999 WL 1331233 (Mass.Super.) at 2. Rather, the rule developed in Brooks-ide and Johnson is that rules and regulations are not unambiguously incorporated into the by-laws where the process to implement or amend a regulation is insufficient to implement or amend a by-law. “If there was an intent to transform the Rules and Regulations into By-laws or provisions of the Declaration of Trust or Master Deed, they would not be capable of amendment by a vote of the Trustees alone.” Brookside, 1999 WL 1331233 (Mass.Super.) at 2.
The plaintiff in the instant case cites the Rules and Regulations of the condo as the basis for the fines assessed as “common expenses” against the defendant. The plaintiff notes that the By-Laws of the condo include the statement that the “trustees do hereby adopt the initial Rules and Regulations annexed to this Declaration of Trust." See By-Laws, Article IV of the Declaration ofTrust, section 5.6, page 13, Exhibit B. As stated above, the adoption of the rules and regulations is insufficient to unambiguously incorporate them into the by-laws. No provisions in the By-laws or Master Deed expressly forbid the type of conduct in private units that is the subject of this case. The amendment process for the By-laws requires approval of such unit owners that comprise at least a 75% beneficial interest in the trust, while the Rules and Regulations may be amended by the Trustees alone. See Amendments and Termination, Article VII of the Declaration of Trust, section 7.1, page 21, Exhibit B (describing the need for consent of unit owners with at least a 75% maj ority of beneficial interest); By-Laws, Article IV of the Declaration ofTrust, section 5.6, page 13, Exhibit B (“The Trustees may from time to time adopt, amend and rescind administrative rules and regulations governing the operation and use of the common areas and facilities . . .”).
As a matter of law, the Rules and Regulations of the Beacon on the Charles Condominium are not equal to the By-laws and, thus, cannot be treated as such. If rules and regulations that restrict the private use of a unit are not considered by-laws, they cannot be sub *233 ject to enforcement as “common expenses” under G.L.c 183A. Therefore, the plaintiff cannot pursue the assessed fines as “common expenses,” and the defendant’s cross motion for summary judgment is not barred due to non-payment of these fines. It must as a matter of law be allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs Motion for Summary Judgment is DENIED, and the defendant’s Cross Motion for Summary Judgment is ALLOWED.

Complaints included excessive barking and howling while the dog was left unattended in the unit. See Letter to Bruce Adler dated May 28, 2009, Exhibit E.

Plaintiff also seeks attorneys fees in the amount of $8,741.86, which will not be awarded.

Che court applied its rule proactively.

“While ‘misconduct’ of a unit owner . . . may be ‘enforceable as a common expense,’ it is not apparent that the Legislature has ‘declared’ misconduct to be a common expense.” Trustees of Hunter’s Village Condo v. Diane Gerke, 2007 Mass.App.Div. 23, at 24.

Here I distinguish Printsos-Egasti v. McKenney, Norfolk Superior Court docket 06-02091 (Dortch-Okara, J.), presented by the plaintiff, where the unit owners were bound by the rule stated in Blood. Printsos-Egasti enforced the Blood rule where the unit owner violated rules and regulations concerning conduct in a common area of the condominium (the parking lot).