Edmund **ACKERSON**, Plaintiff,

v.

**DENNISON MANUFACTURING CO.**, Defendant.

Civ. A. No. 84–364–Y.

United States District Court,
D. Massachusetts.

Jan. 10, 1986.

Robert A. Murphy, Casner, Edwards & Roseman, Boston, Mass., for plaintiff.

Thomas F. Curry, Needham, Mass., Carol Chandler, Stoneman, Chandler & Miller, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

The defendant Dennison Manufacturing Company ("Dennison") terminated the employment of plaintiff, Edmund Ackerson, on July 31, 1982. Mr. Ackerson was 49 years old at the time of his termination.

On October 5, 1982, Mr. Ackerson filed a complaint with the Equal Employment Opportunity Commission (the "Federal Commission") charging Dennison with age dis-

crimination. Mr. Ackerson alleges that at the time he filed his charge with the Federal Commission he was told that the charge would be forwarded on to the Massachusetts Commission Against Discrimination (the "State Commission") pursuant to a worksharing agreement between the two commissions. On October 14, 1982, the Federal Commission informed Mr. Ackerson that his charge had been forwarded to the State Commission. On July 1, 1983 the Federal Commission wrote Mr. Ackerson that it would not proceed further with its processing of his age discrimination complaint, but that he could pursue his private right of action in the federal district court. On October 25, 1983, the State Commission informed Mr. Ackerson that it was rejecting his complaint as "untimely" under Section 5 of Mass.Gen.Laws c. 151B.

Mr. Ackerson then filed his complaint in this court alleging violation of the Age Discrimination in Employment Act (Count I), violation of Mass.Gen.Laws c. 151B, § 4 (Count II), wrongful termination—breach of implied covenant (Count III), and wrongful termination—tort (Count IV). After answering the complaint and engaging in limited discovery, Dennison moved to dismiss Counts III and IV and "all claims … for damages for humiliation and emotional distress." Judge Zobel, to whom this case originally was assigned, allowed the motion without opinion on August 10, 1984.

On June 19, 1985 Judge Zobel entered a Pretrial Order in this case pursuant to Fed. R.Civ.P. 16. The order states that "the only issues to be tried are:

(a) Whether defendant violated the Age Discrimination in Employment Act....

(b) Whether defendant violated Mass. Gen.Laws c. 151B …

(c) The amount of plaintiff's damages. The parties agree that plaintiff is entitled to recover lost wages and fringe benefits, and if he proves a willful violation, liquidated damages under the federal statute. He is entitled to lost wages, fringe benefits and compensation for emotional distress under the state statute...."

Subsequently, the case was transferred to this session. Dennison now moves for clarification of the Pretrial Order [1] and to dismiss Count II for lack of subject matter jurisdiction.[2]

This Court recently reviewed the dual administrative and judicial remedies provided by Mass.Gen.Laws c. 151B, §§ 5 and 9. *See Flynn v. New England Telephone Co.,* 615 F.Supp. 1205 (D.Mass.1985). In *Flynn* the Court held that failure to file an administrative claim within the six month limitations period of § 5 precluded the complainant from seeking judicial review under § 9. *Id.* at 1208, 1209. Mr. Ackerson does not now contest the correctness of that ruling. Nor, apparently, does he assert that he filed his complaint with the State Commission within six months of his termination. Rather, he argues for an "equitable" exception to the rule of *Flynn.* He contends that § 5 is a statute of limitations which can, and should, be "waived" by the court where a plaintiff has timely filed his charge with the Federal Commission and he is assured that the charge will be forwarded on to the State Commission. Dennison argues in response that satisfaction of § 5 is a jurisdictional requirement that cannot be waived.

As an initial matter, the Court notes that it is entirely unclear why the State Commission found Mr. Ackerson's claim to be untimely. Unless the charge was lost or mishandled en route to the State Commission, or the Federal Commission misrepresented its actions, the charge should have arrived before November 1, 1982, well within six months from the date of Mr. Ackerson's termination. Nonetheless, Mr.

---

**1.** Due to the conflict between the August 10, 1984 and the June 19, 1985 orders, the parties now disagree as to whether damages for humiliation and emotional distress are recoverable in this case.

**2.** Because the parties have presented matters outside the pleadings, the Court will treat the motion to dismiss as one for summary judgment under Fed.R.Civ.P. 56.

Ackerson evidently did not ask the State Commission for a preliminary hearing to review the finding of untimeliness, as was his right under § 5. Nor does he question in this proceeding the fact that the charge was not timely received by the State Commission. Instead, Mr. Ackerson stands by the argument that his timely filing with the Federal Commission should satisfy the requirements of § 9. When the argument is so framed, this Court must disagree.

■ The parties have devoted considerable attention to the issue whether the six month filing requirement of § 5 better is characterized as a statute of limitations or a jurisdictional requirement. Upon reflection, the Court rules that proper characterization of the statute's time bar depends on the stage of the proceedings at which the case is to be viewed. When an individual first considers charging an employer with discrimination, Section Five's 6 month time limitation for filing a claim with the State Commission serves much the same purposes as a statute of limitations. It ensures that the controversy is adjudicated or conciliated when the matter is fresh in the minds of the parties and witnesses, and it provides the employer with a degree of certainty in knowing when its exposure for terminating an employee is at an end. When a complainant seeks judicial review of a discrimination claim, however, the reasons for requiring satisfaction of § 5 are much different. In that event, the statutory scheme evinces a concern not so much for the timely bringing of claims,[3] as for ensuring that agency action properly is sought as an alternative to judicial process.

Viewed from this perspective, the six month limitation period is best characterized as a jurisdictional prerequisite to bringing suit which cannot be waived. *Fitzgerald v. New England Telephone and Telegraph*, 459 F.Supp. 996, 997 (D.Mass.1978).

■ Under this analysis, Mr. Ackerson is correct that the six month limitation of Section 5 is waivable, but he is wrong in believing that this Court is the proper place to press his waiver arguments. Because Section 5 presents a limitations period to the State Commission and a jurisdictional requirement to the court, it is only the state agency that can toll the running of the limitations period. Mr. Ackerson should have argued to the State Commission that filing with the Federal Commission tolled the six month limitations period.[4] Had the State Commission ruled that Mr. Ackerson's claim, although not literally filed within the six month period, was nonetheless "timely" under its rules, the Court would have little trouble holding that Section 9 was satisfied. In this case, Mr. Ackerson took no action at the agency level to appeal the rejection of his claim. He simply proceeded to bring this case in the federal court, characterizing the State Commission's rejection of his claim as a decision to "take no further action in the matter." Therefore, this Court is bound by the State Commission's determination that Mr. Ackerson's charge was not timely filed.[5]

Accordingly, the motion for summary judgment as to Count II is ALLOWED.[6]

---

**3.** Indeed, Section 9 requires only that the suit be brought within two years of the alleged unlawful practice.

**4.** As a general rule, it is within the authority of the State Commission to promulgate rules for calculating when the six month period begins and ends. Cf. *Rock v. Massachusetts Commission Against Discrimination*, 384 Mass. 198, 205–208, 424 N.E.2d 244 (1981).

**5.** A question not now before the Court is whether depriving Mr. Ackerson of his chapter 151B claim under these circumstances violates the rule of *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 148, 71 L.Ed.2d 265 (1982) (due

process was denied claimant who timely filed his employment discrimination claim, but whose cause of action was barred due to state agency inadvertently delaying claim beyond statute of limitations period). If Mr. Ackerson so desires, he can move for leave to amend the complaint or to add such other parties as are necessary and proper.

**6.** The Court interprets Judge Zobel's Pretrial Order to allow damages for emotional distress only under the state statute. Because the state claim is now out of the case, humiliation and emotional distress will not be an element of plaintiff's damages on the remaining federal claim.