# KATHLEEN CHRISTO vs. EDWARD G. BOYLE INSURANCE AGENCY, INC.

Middlesex.   April 7, 1988. — July 12, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & ABRAMS, JJ.

*Employment,* Discrimination. *Anti-Discrimination Law,* Termination of employment. *Massachusetts Commission Against Discrimination.*

A determination by an investigating commissioner of the Massachusetts Commission Against Discrimination, that there was no factual basis for tolling the statutory filing period under G. L. c. 151B, § 5, for a certain complaint filed more than six months after the alleged act of discrimination, did not foreclose an independent determination by a Superior Court judge in a proceeding under G. L. c. 151B, § 9, whether the six-month period should be tolled. [818-819]

An employment discrimination action under G. L. c. 151A, § 9, was remanded for a judge in the Superior Court to determine whether the facts warranted tolling of the six-month period prescribed by G. L. c. 151B, § 5, for timely filing of a complaint with the Massachusetts Commission Against Discrimination, a prerequisite to the plaintiff's maintaining her Superior Court action under § 9. [819]

CIVIL ACTION commenced in the Superior Court Department on June 13, 1983.

A motion for summary judgment was heard by *Robert L. Steadman,* J., and judgment was entered by *Joseph S. Mitchell, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Richard L. Neumeier* for the plaintiff.

*Karen M. Thursby (John J. C. Herlihy* with her) for the defendant.

*Jean A. Musiker & Nathaniel Berman* for Massachusetts Commission Against Discrimination, *& Marjorie Heins* for Civil Liberties Union of Massachusetts, amici curiae, joined in a brief.

WILKINS, J. The plaintiff (Christo) filed a complaint in the Superior Court alleging that the defendant discriminated against her on the basis of her age and sex in discharging her from employment. Under G. L. c. 151B, § 9 (1986 ed.), a person claiming such discrimination may maintain a civil action only if she has previously filed a timely complaint with the Massachusetts Commission Against Discrimination (MCAD) and ninety days have passed (or a commissioner has assented to an earlier filing).

Christo agrees that, as a precondition to maintaining an action under § 9, any complaint to the MCAD must have been filed, as provided in G. L. c. 151B, § 5 (1986 ed.), within six months of the alleged act of discrimination, unless there is some reason to toll the six-month period. Her complaint was filed with the MCAD more than six months after her discharge and, for that reason, the investigating commissioner dismissed her complaint. The commissioner recognized that the six-month period could be tolled for equitable reasons but concluded that there was no factual basis to justify tolling in her case. Christo claims that within six months of the discrimination MCAD "intake" personnel thwarted her attempt to file a complaint. With the aid of counsel, Christo eventually did file a complaint with the MCAD, but, as we have said, after the six-month period had expired.

The basic question in this appeal by Christo from a summary judgment dismissing her claim of age and sex discrimination is whether a Superior Court judge in a proceeding under G. L. c. 151B, § 9, may make an independent determination whether the six-month period should be tolled or whether only the MCAD may do so, as the Superior Court judge and the Appeals Court have concluded (see *Christo* v. *Edward G. Boyle Ins. Agency, Inc.*, 25 Mass. App. Ct. 87, 89-90 [1987]). We granted Christo's application for further appellate review.

We decide that (a) Christo is not bound by the ruling of the investigating commissioner, (b) Christo had no right by appeal to obtain a ruling on the tolling question from the full commission, and (c) there is no principle applicable here analogous to the requirement of the exhaustion of administrative remedies.

See *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination,* 364 Mass. 444, 452-453 (1973). We vacate the summary judgment for the defendant and remand the case for further proceedings.

There are two largely independent avenues for redress of violations of the antidiscrimination laws of the Commonwealth, one through the MCAD (G. L. c. 151B, §§ 5-6) and the other in the courts (G. L. c. 151B, § 9). See *Carter* v. *Supermarkets Gen. Corp.,* 684 F.2d 187, 190-191 (1st Cir. 1982). The statutory scheme rejects the administrative law principles of primary jurisdiction and exhaustion of administrative remedies. The filing of a § 9 court action requires the MCAD to dismiss without prejudice any complaint pending before it and bars the plaintiff from pursuing the matter subsequently before the MCAD. G. L. c. 151B, § 9.

It is true that, before initiating a § 9 action, the plaintiff must have filed a timely complaint within six months of the act of discrimination. This deadline is in effect a statute of limitations subject to equitable tolling. See *Christo* v. *Edward G. Boyle Ins. Agency, Inc.,* 25 Mass. App. Ct. at 89. The same principle applies in analogous Federal civil rights actions where the 180-day deadline for filing a complaint with the Equal Employment Opportunity Commission (EEOC), which is a precondition to maintaining a civil action, has been treated as a statute of limitations subject to waiver, estoppel, and equitable tolling. See *Zipes* v. *TWA,* 455 U.S. 385, 393 (1982); *Bonham* v. *Dresser Indus., Inc.,* 569 F.2d 187, 192-193 (3d Cir. 1977). The Federal courts decide equitable tolling issues under the cognate Federal law, and we see no reason why our courts should not decide these same issues in actions under § 9. The policy of giving employers fresh notice of complaints may be outweighed by considerations which justify equitable tolling of the statute. See *Zipes* v. *TWA, supra* at 398. If, in this case, Christo was misled by agency employees who discouraged her from filing a timely complaint with the MCAD, perhaps the six-month filing period should be tolled to allow her to proceed with this action.

The essential question before us is not whether tolling is appropriate in the circumstances but rather whether, because the investigating commissioner determined that Christo did not make a case for equitable tolling and because she sought no further relief before the MCAD, Christo has lost her right to an independent determination of the equitable tolling question in this § 9 action. We note first that, as the friend of the court brief here points out, there was no mechanism for an appeal to the full commission from the determination of the investigating commissioner on the tolling question. A preliminary hearing before an investigating commissioner also is not subject to G. L. c. 30A (1986 ed.), the State Administrative Procedure Act, and no statutory right of appeal for judicial review applies to such a determination. See G. L. c. 151B, § 5. We see in such a statutory pattern no intention to make an investigating commissioner's decision on the tolling of the six-month period binding on a court in a § 9 civil action, either on the theory that the MCAD alone can decide such questions or on the theory that issue preclusive effect should be given to the investigating commissioner's decision.[1] In the parallel Federal situation, the Federal courts generally have not considered themselves bound by the rulings of the EEOC on the timeliness of claims filed with it. See *Kocian* v. *Getty Ref. & Mktg Co.,* 707 F.2d 748, 754 n.9 (3d Cir.), cert. denied, 464 U.S. 852 (1983); *Goldman* v. *Sears, Roebuck & Co.,* 607 F.2d 1014,

---

[1]The Appeals Court relied on *Ackerson* v. *Dennison Mfg. Co.,* 624 F. Supp. 1148 (D. Mass. 1986), for its conclusion that only the MCAD can decide the tolling question and that the courts are bound by an investigating commissioner's unappealed determination on the subject. *Christo* v. *Edward G. Boyle Ins. Agency, Inc.,* 25 Mass. App. Ct. at 90. The Appeals Court and the judge in the *Ackerson* case (*supra* at 1150) both erroneously assumed that a person in Christo's position had a right to appeal the tolling question within the MCAD. The judge in the *Ackerson* case, without discussing the Federal cases suggesting the contrary, concluded that the requirement of § 5 that a MCAD complaint be filed within six months was a jurisdictional prerequisite to bringing a § 9 action. *Id.* The statutory scheme, contrary to what is said in the *Ackerson* opinion (*id.*), does not show a concern for prompt agency action as an alternative to judicial process. In fact, no agency action is required at all as a precondition to the bringing of a § 9 civil action. After ninety days, a plaintiff may commence a civil action under § 9 regardless of what the MCAD may or may not have done.

1017 (1st Cir. 1979), cert. denied, 445 U.S. 929 (1980); *Weise v. Syracuse Univ.*, 522 F.2d 397, 413 (2d Cir. 1975).

We decline to decide, on this summary judgment record, whether Christo is entitled as a matter of law to a determination that the six-month period for filing her MCAD complaint should be equitably tolled. The Superior Court judge decided the summary judgment motion solely on the question of his authority to act on the equitable tolling issue. Christo did not move for summary judgment. The issue whether there was equitable tolling should not be decided here at this time.

The summary judgment for the defendant is vacated and the case is remanded to the Superior Court for further proceedings.

*So ordered.*