Gershengorn, J.
The plaintiff, Sara Smiley, (“Smiley”) brings the underlying action based upon alleged sexual harassment in the workplace and retaliatory discharge, pursuant to G.L.c. 151B. Smiley seeks damages and costs. The defendant, Jerome Dangel (“Dangel”) has moved to dismiss the complaint on the grounds that Smiley failed to comply with G.L.c. 15 IB, §5 which requires Smiley to state the name and address of Dangel in the verified complaint filed with the Massachusetts Commission against Discrimination (“MCAD”). Dangel also claims Smiley further failed to appropriately identify Dangel in the MCAD complaint as a person alleged to have committed unlawful discriminatory acts pursuant to the Code of Massachusetts Regulations. The court, for reasons set out below, does not agree with either of Dangel’s assertions and therefore denies his motion to dismiss.
BACKGROUND
The undisputed facts relevant to this motion can be briefly stated. On February 23, 1996, Smiley signed and filed a verified complaint with MCAD (“MCAD charge”) and the Equal Employment opportunity Commission (“EEOC”) against defendant Acme Wholesale, Inc. (“Acme”). Smiley, an Acme employee, alleged that she was discriminated against on the basis of sex and that her subsequent termination was a retaliatory discharge. The MCAD charge, which was filed pro se, did not name Dangel, Acme’s treasurer and part-owner, as a respondent. Dangel was, however, referenced throughout the facts of the MCAD charge as the alleged harasser.
On April 26, 1996, at Smiley’s request, MCAD dismissed the MCAD charge against Acme without prejudice under G.L.c. 151B, §9. Smiley then filed a complaint for sexual harassment and retaliatoiy discharge in Middlesex Superior Court on October 24, 1996, pursuant to G.L.c. 151B, §5. In the complaint caption, Smiley named both Acme and Dangel as defendants. Dangel now argues that the claims against him should be dismissed pursuant to Mass.R.Civ.P. 12(b)(6) because he was not named as a respondent in the MCAD charge as required by G.L.c. 151B, §5, which sets a six-month statute of limitations for sexual harassment cases brought in Superior Court that were previously filed with MCAD.
DISCUSSION
Defendant motions for dismissal under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For purposes of Mass.R.Civ.P. 12(b)(6), the court must take the factual allegations of the complaint, as well as inferences which can be drawn from those allegations in Smiley’s favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Charbonnier v. Amico, 367 Mass 146, 152 (1975). A complaint is not subject to dismissal if it would support relief under any theoiy of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Whether rightly or wrongly entitled as a motion to dismiss for failure to state a claim under Mass.R.Civ.P. 12(b)(6), defendant’s argument turns on the statute of limitations for sexual discrimination claims under G.L.c. 151B and is thus subject to equitable principles. Christo v. Boyle Insur. Agency Inc., 402 Mass. 815, 817 (1988). General Laws c. 151B, §4 prohibits employment discrimination based on sex. Under G.L.c. 151B, §9, a person claiming discrimination may bring suit in Superior Court only if she has previously filed a timely complaint with MCAD and ninety days have passed or an MCAD commissioner assented to an earlier filing. G.L.c. 151B, §§5, 9; Christo, 402 Mass. at 817. MCAD regulations require that MCAD complaints identify the parties “alleged to have committed the unlawful discriminatory acts ...” 804 CMR 1.03(4)(a).
In the present case, Smiley did not specifically name Dangel as the respondent in the MCAD charge *550 for violation of G.L.c. 151B, §4. Dangel now contends that the timing provisions of G.L.c. 151B, §5 and 804 CMR 1.03(4)(a) should be strictly adhered to and Smiley’s claim time-barred for failure to name him in the MCAD charge. Smiley argues that the motion to dismiss should be denied because (1) the original MCAD charge was filed pro se; (2) pleading requirements, particularly for pro se litigants, should be liberally construed; and (3) Dangel, although not named in the caption of the original MCAD charge, was referred to in the facts of the MCAD charge.
There is no appellate case law on the specific statute of limitations issue before the court. The purpose of the timing provision of G.L.c. 151B, §5, however, is not to create a procedural hurdle, rather it is to provide notice of possible discrimination and promote conciliation. Belonni v. Reservoir Nursing Center, 1 Mass. L. Rptr. No. 22, 448, 450 (February 21, 1994); Conroy v. Boston Edison Co., 758 F.Sup. 54, 57 (D.Mass. 1991). So long as the defendant has notice and a chance for conciliation, the complaint under 151B should be sustained. See, e.g., Denny v. Westfield State College, 25 FEP 957, 960 (D.C. Mass. 1981). In Denny, the federal district court did not allow dismissal of a civil discrimination suit against defendants who had not been named in the MCAD charge. Id. The court held that because the defendant had “a close legal relationship with the named parly and had actual notice of the EEOC charge, to the extent that he could have participated in conciliation efforts, he should not be heard to cry ‘foul’ when later made a defendant in the suit." Denny, 25 FEP at 962 (quoting Stevenson v. International Paper Co., 432 F.Sup. 390 (W.D. La. 1977)).
This is a similar situation. Dangle does not allege that he did not have notice of Smiley’s claim with MCAD. Indeed Dangel is a corporate officer and part-owner of Acme. In fact, it was Dangel’s conduct that led to the MCAD charge; the MCAD charge contains specific references to Dangel’s alleged sexual harassment. Since Dangel was an Acme corporate officer and part-owner, it is a reasonable inference that he knew of Smiley’s discrimination claims against him and Acme, and that he could have participated in conciliation. In addition, as a pro se plaintiff, Smiley’s burden of pleading a cause of action under G.L.c. 151B must be liberally construed. See, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972). This court concludes that because the purposes of G.L.c. 151B’s pleading requirements have been satisfied, and because Smiley made the initial MCAD charge pro se, Smiley can maintain her civil discrimination suit against Dangel.
ORDER
For the foregoing reasons, the court ORDERS that defendant Jerome Dangel’s motion to dismiss Counts III and IV is DENIED.