Wilkins, Douglas H., J.
In this action pursuant to G.L.c. 30A, §14(7), the plaintiff, pro se, seeks judicial review of a Massachusetts Commission Against Discrimination (“MCAD”) order dismissing as untimely his administrative complaint, which alleged that his former employer, Dr. Dario Altieri of the University of Massachusetts Medical School (“UMMS”), discriminated against him on the basis of his national origin (Greek, Southern European, or Mediterranean). The matter is before the Court on MCAD’s motion to dismiss the plaintiffs petition for judicial review based on his failure to file a timely administrative complaint, as required by G.L.c. 15 IB, §5.
BACKGROUND
On August 15, 2008, the plaintiff was terminated from his position as a post-doctoral associate in Dr. Altieri’s laboratory at UMMS.
On September 16, 2008, the plaintiff met with an intake specialist at MCAD’s Worcester office. He completed a handwritten “Intake Interview Form,” indicat *208 ing that he was terminated from his employment on the basis of his national origin and that Dr. Altieri had retaliated against him. MCAD took the position, reflected in Investigating Commissioner Jamie Williamson’s April 14, 2011 order dismissing the plaintiffs complaint, that the plaintiff was offered the opportunity to pursue a formal complaint but declined to do so. The plaintiff argues that the intake specialist did not offer him an opportunity to file a complaint, but instead determined that he had no cause of action. The intake specialist introduced the plaintiff to a second individual, who the plaintiff later discovered was an employee with the Worcester Human Rights Commission’s Office of Human Rights (“OHR”). At the time, OHR shared a room with MCAD on the first floor of the Worcester City Hall. The OHR employee filled out an “Intake/Complaint Form” on the plaintiffs behalf. The OHR form stated that the plaintiff had been referred to OHR by MCAD.
It appears that neither MCAD nor OHR took further action on the plaintiffs initial complaints. Sometime thereafter, the same MCAD intake specialist who had directed the plaintiff to OHR orally informed the plaintiff that his case had been dismissed. The plaintiff did not seek further relief from MCAD. Instead, on October 2, 2009, he filed an action against UMMS and Dr. Altieri in Worcester Superior Court, Civil Action No. 2009-02339, alleging, inter alia, retaliation in violation of G.L.c. 151B. [See 27 Mass. L. Rptr. 272 (January 25, 2010) (dismissing Count IV for retaliation in violation ofM.G.L.c. 151B and CountIXfor “prior restraint on publication”), and 29 Mass. L. Rptr. 176 (dismissing remaining counts).]
On January 19, 2011, through the deposition of a former colleague, the plaintiff received confirmation that Dr. Altieri had hired another individual in early 2009, despite having told the plaintiff that the reason for his termination was a lack of funding. Shortly after the plaintiff learned of the other hire, he requested all documents kept by UMMS and Dr. Altieri relevant to that individual’s employment. UMMS and Dr. Altieri’s attorney denied the request, citing the plaintiffs failure to preserve his right to pursue his discrimination claims by filing a timely complaint with MCAD.
The plaintiff called MCAD’s Worcester office for information regarding his September 2008 complaint. He was informed that MCAD had no information regarding any such complaint, and that, in fact, the plaintiff had filed his complaint with OHR.
On March 10, 2011, the plaintiff visited the MCAD and OHR offices in Worcester to seek information regarding his filings. MCAD had no record of his September 2008 visit, but OHR produced a copy of the plaintiffs September 2008 “Intake/Complaint Form."
After the plaintiff explained what had happened in September 2008, an MCAD employee called her supervisor, who agreed to process the plaintiffs original complaint. On March 16, 2011, the plaintiff sought to amend his original MCAD filing to include allegations of age discrimination and retaliation against Dr. Al-tieri. By letter dated March 29, 2011, MCAD notified the plaintiff that it had assigned an investigator to his case. Attached to the letter was a new typed complaint, signed by the plaintiff, that indicated a case filing date of September 16, 2008. The complaint recited the particulars as follows: “I, Pedro M Canovas, the Complainant believe that I was discriminated against by UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL, Dario C Altieri, on the basis of National Origin. This is in violation of M.G.L. 15IB Section 4 Paragraph 1 and Title VIL [S]ee attached list of particulars.”[1]
On April 14, 2011, Commissioner Williamson entered an order dismissing the plaintiffs MCAD action for failure to file a signed and verified complaint within 300 days of the alleged act of discrimination. See G.L.c. 15IB, §5; 804 Code Mass. Regs. §1.10(2), 1.10(4). She stated that the plaintiffs March 2011 complaint had been entered in error, noting that he “was offered the opportunity to file a complaint and did not do so,” and that his “belated 2011 attempt to cure his failure to timely file does not fall within any of the regulatory or equitable exceptions that would toll the statute of limitations for filing a complaint.”
On May 4, 2011, the plaintiff appealed the April 14, 2011 MCAD order to Commissioner Williamson and requested a hearing pursuant to G.L.c. 15IB, §5.[2] In a memorandum in support of his appeal, the plaintiff stated that he did not realize in September 2008 that he had been passed off to another agency and that, had he so realized, he would not have consented to having his case transferred at the expense of his right to sue under G.L.c. 15IB.
It is not clear whether MCAD responded to the plaintiffs appeal, but the Court infers from the motion to dismiss before it that MCAD considers the matter closed. On May 23, 2011, the plaintiff filed this petition for judicial review, seeking an order (1) compelling MCAD to accept his complaint as a procedural matter, and (2) granting him permission subsequently to withdraw his MCAD complaint to proceed with his c. 15IB count in Civil Action No. 2009-02339.
On July 13, 2011, MCAD filed a motion to dismiss the plaintiffs petition for judicial review. The Court (Moriarty II, J.) denied the motion without prejudice for failure to comply with Superior Court Rule 9A. On August 10, 2011, MCAD renewed its motion to dismiss, this time complying with Rule 9A.
DISCUSSION
General Laws c. 151B, §5, provides, in relevant part, that “(a]ny complaint filed pursuant to this section must be so filed within 300 days after the alleged act of discrimination.” Such complaint must be “a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have *209 committed the unlawful practice complained of . . .” G.L.c. 151B, §5. See also 804 Code Mass. Regs. §1.10(4). It shall also include the date of the alleged discrimination, a concise statement of the alleged discriminatory acts, and the identity of the person or persons responsible. See 804 Code Mass. Regs. §1.10(5). The timely filing of such a complaint is a prerequisite to bringing a civil suit under Chapter 151B. G.L.c. 151B, §§5, 9; Cuddyer v. The Stop & Shop Co., 434 Mass. 521, 531 n.11 (2001).
The statute further provides:
After the filing of any complaint, the chairman of the commission shall designate one of the commissioners to make, with the assistance of the commission’s staff, prompt investigation in connection therewith. If such commissioner shall determine after such investigation that no probable cause exists for crediting the allegations of the complaint, the commission shall, within ten days from such determination, cause to be issued and served upon the complainant written notice of such determination, and the said complainant or his attorney may, within ten days after such service, file with the commission a written request for a preliminary hearing before the commission to determine probable cause for crediting the allegations of the complaint, and the commission shall allow such request as a matter of right; provided, however, that such a preliminary hearing shall not be subject to the provisions of chapter thirty A.
G.L.c. 15 IB, §5.
Insofar as the plaintiff seeks a preliminary hearing before MCAD to challenge the April 14, 2011 order dismissing his case, §5 does not appear to afford such a right. A complainant’s §5 right to a preliminary hearing is triggered only “[a]fter the filing of any complaint” and upon the commissioner’s determination that “no probable cause exists for crediting the allegations of the complaint.” G.L.c. 151B, §5. See also 804 Code Mass. Regs. §1.15(7)(d). According to MCAD, the plaintiff never reached this stage in the process because his September 2008 intake form did not comply with the strictures of §5, and his March 2011 attempt to cure his earlier failure to file was ineffective. Underlying MCAD’s decision was Commissioner Williamson’s conclusion, without any discernable basis (and certainly not informed by an opportunity for an adjudicatory hearing), that the plaintiff “was offered the opportunity to file a complaint and did not do so.”
MCAD argues that its determination is final, and that the Court lacks jurisdiction either to review its decision or to remand the matter for an administrative hearing. If the plaintiffs account of his September 2008 interview is true, the practical consequence of MCAD’s position would be that, in any case in which there is no record of a formal MCAD complaint due to an intake specialist’s mistakes, misdirections or failure to follow protocol for accepting a complaint, a petitioner has no recourse when MCAD dismisses his action as untimely without a hearing.
This case is controlled by Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815 (1988). In that case, the plaintiffs MCAD complaint was dismissed by the investigating commissioner for failure to file within the 300-day time limit. Christo, 2S Mass.App.Ct. 87, 88 (1987), rev’d by 402 Mass. 815 (1988). She did not appeal from MCAD’s dismissal order, instead initiating a discrimination action in the Superior Court. Id. A Superior Court judge entered summary judgment in favor of the defendant, based on the plaintiffs untimely filing. Id. Upon review of the Superior Court’s entry of summary judgment, the Appeals Court stated that “a court which is asked to take action under G.L.c. 151B, §9, is bound by an investigating commissioner’s determination of untimely filing with the MCAD when there has been no effort to secure administrative review of that determination.” 25 Mass.App.Ct. at 90. The Court added, “We leave to another day the question whether there might be judicial review of a final decision of the full commission on the issue of timeliness.” Id., at 90 n.2.
On further appellate review, the Supreme Judicial Court vacated the Appeals Court judgment and held that, in actions under G.L.c. 151B, §9, the Superior Court is not bound by the MCAD investigating commissioner’s determination that equitable tolling does not apply. Christo, 402 Mass. at 816-17. Rather, in the same way that Federal courts decide equitable tolling issues with respect to complaints before the Equal Employment Opportunity Commission, the determination is one for the Trial Court. Id.
The plaintiff in Christo had claimed “that within six months of the discrimination MCAD ‘intake’ personnel thwarted her attempt to file a complaint.” 402 Mass, at 816. The Court observed: “The policy of giving employers fresh notice of complaints may be outweighed by considerations which justify equitable tolling of the statute ... If, in this case, Christo was misled by agency employees who discouraged her from filing a timely complaint with the MCAD, perhaps the six-month filing period should be tolled to allow her to proceed with this action.” Id., at 817.
The essential question before the Court in Christo was “not whether tolling is appropriate in the circumstances but rather whether, because the investigating commissioner determined that Christo did not make a case for equitable tolling and because she sought no further relief before the MCAD, Christo has lost her right to an independent determination of the equitable tolling question in this §9 action." Id., at 818. The Court noted that “there was no mechanism for an appeal to the full commission from the determination of the investigating commissioner on the tolling question”; that “(a) preliminary hearing before an investigating commissioner also is not subject to G.L.c. 30A *210 (1986 ed.)”; and that “no statutory right of appeal for judicial review applies to such a determination.” Id. Based on its reading of G.L.c. 151B, the Court discerned “no [legislative] intention to make an investigating commissioner’s decision on the tolling of the six-month period binding on a court in a §9 civil action, either on the theory that the MCAD alone can decide such questions or on the theory that issue preclusive effect should be given to the investigating commissioner’s decision.” Christo, 402 Mass, at 818.
Applying Christo here, the Court must dismiss this case because it lacks jurisdiction to review MCAD’s dismissal order pursuant to G.L.c. 151B, §6.[3] However, neither MCAD’s actions nor this Court’s dismissal will affect the plaintiffs allegations in the companion case (Civil Action No. 2009-02339) that an MCAD intake specialist misled him into abandoning his case in a manner that might justify equitable tolling. See Christo, 402 Mass. at 817-18 & n.1. See also Pelletier v. Somerset, 458 Mass. 504, 511 n.15 (2010), citing G.L.c. 151B, §9, second par. (“The MCAD’s jurisdiction ends when a petitioner files a complaint in the Superior Court”). Nor will the Court’s resolution of the companion case be affected by MCAD’s conclusion, without citation to any supporting facts, that the plaintiff affirmatively chose not to file a formal complaint.[4] Where MCAD abdicates its responsibility to investigate in the first instance whether unlawful discrimination occurred, the plaintiff has recourse in the Superior Court to argue, among other things, that his lawsuit is timely because an MCAD employee misled him and/or exceeded her authority in refusing to process his complaint. See Christo, 402 Mass. at 817-18. Cf. Brienzo v. Massachusetts Comm’n Against Discrimination, 60 Mass.App.Ct. 917, 918 (2004) (“Proceeding in the Superior Court [under G.L.c. 15IB, §9] provides a complete remedy to any error that may have been made by the MCAD in failing to find probable cause”).
ORDER
For the above reasons, the defendant’s Motion to Dismiss Complainant’s Petition for Judicial Review is ALLOWED, provided that MCAD’s determination that the administrative complaint was untimely under G.L.c. 151B, §5, shall not have any preclusive effect with respect to any Chapter 15 IB claims that the plaintiff asserts in Civil Action No. 2009-02339.

Neither party included a list of particulars, and it is not clear whether such a list was, in fact, attached to the March 2011 MCAD complaint.

Specifically, the plaintiff requested a hearing “to present his allegations of why the finding of Lack of Probable Cause (LOPC) should be reverted into one of Probable Cause (PC).” Compare 804 Code Mass. Regs. §1.15(7)(d) (right to prelimi-naiy hearing upon determination of lack of probable cause), with 804 Code Mass. Regs. §1.13(l)(a)(2) (complainant is entitled to appeal denial of formal investigation based on, inter alia, untimeliness of complaint, by filing written request for preliminary hearing with MCAD’s Clerk within ten days after notice of the denial).

See 804 Code Mass. Regs. §1.15(5) (investigating commissioner’s decision to administratively close a complaint is not a final order for purposes of review pursuant to G.L.c. 151B, §6, or G.L.c. 30A); 804 Code Mass. Regs. § 1.15(7)(d) (administrative appeal of MCAD finding of no probable cause not subject to G.L.c. 30A). See also 804 Code Mass. Regs. §1.15(4) (where MCAD dismisses complaint for lack of jurisdiction, complainant “shall have the same right of appeal. . . as provided for in 804 CMR 1.15(7)(d)’j.

The issue at the motion to dismiss stage is not whether the plaintiff absolutely failed to file a charge (although MCAD might characterize it as such). “Where the issue is the absolute failure to file a charge, the defect precludes a court from exercising jurisdiction over any subsequent lawsuit alleging discrimination under G.L.c. 15 IB or the Americans with Disabilities Act (ADA).” See Everett v. 357 Corp., 453 Mass. 585, 600 n.21 (2009).