The plaintiff filed a charge with the Massachusetts Commission Against Discrimination (MCAD), alleging education discrimination under G. L. c. 151C. An investigating commissioner made a finding of lack of probable cause, and the plaintiff filed an administrative appeal. After a preliminary hearing, see 804 Code Mass. Regs. § 1.15(7)(d) (2008), a second investigating commissioner affirmed the finding of lack of probable cause. The plaintiff then sought judicial review in Superior Court under G. L. c. 30A. On the MCAD's motion, a judge dismissed the complaint under Mass. R. Civ. P. 12 (b) (1) and 12 (b) (6), 365 Mass. 754 (1974), and the plaintiff now appeals.
The complaint was properly dismissed for lack of subject matter jurisdiction. "A preliminary hearing before an investigating commissioner ... is not subject to G. L. c. 30A ..., and no statutory right of appeal for judicial review applies to such a determination." Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 818 (1988). See 804 Code Mass. Regs. § 1.15(7)(d). The plaintiff is mistaken to the extent she argues that a different result is required because she brought her discrimination charge under G. L. c. 151C, as opposed to G. L. c. 151B. The preliminary hearing process is the same regardless of the statutory basis underlying the charge. See G. L. c. 151C, § 5 ("The commission shall have the power, after public hearing, to adopt, promulgate, amend or rescind rules and regulations concerning proceedings at hearings and other investigations under this chapter, which rules and regulations shall be not inconsistent with the provisions of said chapter"); 804 Code Mass. Regs. § 1.01 (1999) (MCAD regulations "apply to [G. L.] c. 151C where not inconsistent with the provisions of [G. L.] c. 151C").
Nor is judicial review available under G. L. c. 151C, § 4 (a ), which provides that "[a]ny party aggrieved by a final order of the commission may obtain a judicial review thereof." For this statute to apply, the full commission must have issued a final order after an adjudicatory proceeding. See 804 Code Mass. Regs. §§ 1.01, 1.24 (1999). An investigating commissioner's decision to affirm a finding of lack of probable cause does not constitute a final order by the full commission because only the investigating commissioner (or his or her designee) presides at a preliminary hearing. See id. at § 1.15 (7)(d). The plaintiff therefore could not obtain judicial review under G. L. c. 151C, § 4 (a ). We note, however, that the finding of lack of probable cause did not bar the plaintiff from pursuing a civil action under G. L. c. 151B, § 9, against the institution that allegedly discriminated against her. See Christo, 402 Mass. at 817 ("There are two largely independent avenues for redress of violations of the anti-discrimination laws of the Commonwealth, one through the MCAD and the other in the courts" [citations omitted] ).
Finally, the plaintiff appears to argue that the judge should have treated the MCAD's motion as one for summary judgment and denied it based on the existence of disputed facts. But to the contrary, the judge appropriately considered and resolved the motion as one to dismiss for lack of subject matter jurisdiction. See School Comm. of Hudson v. Board of Educ., 448 Mass. 565, 577 (2007).
Judgment affirmed.