NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-762                                          Appeals Court
18-P-1493


GERARD D. GRANDOIT  vs.  MASSACHUSETTS COMMISSION AGAINST
DISCRIMINATION & others[1]
(and three consolidated cases[2]).

GERARD D. GRANDOIT  vs.  BOSTON HOUSING AUTHORITY & another.[3]


Nos. 18-P-762 & 18-P-1493.

Suffolk.    May 14, 2019. - July 12, 2019.

Present:  Agnes, Shin, & Wendlandt, JJ.


Massachusetts Commission Against Discrimination.  Jurisdiction,
    Judicial review of administrative action.  Administrative
    Law, Adjudicatory proceeding, Administrative Procedure Act,
    Judicial review.  Practice, Civil, Action in nature of
    certiorari, Dismissal, Review of administrative action.


    Civil actions commenced in the Superior Court Department on
September 22, 2017.


---

[1] Executive Office of Health and Human Services and Mark
Cowell.

[2] Gerard D. Grandoit vs. Massachusetts Commission Against
Discrimination & others; Gerard D. Grandoit vs. Massachusetts
Rehabilitation Commission & others; Gerard D. Grandoit vs.
Massachusetts Office on Disability & others.

[3] Massachusetts Commission Against Discrimination.

Motions to dismiss were considered by Robert L. Ullman and Hélène Kazanjian, JJ.

Civil action commenced in the Superior Court Department on October 3, 2017.

A motion to dismiss was heard by Linda E. Giles, J.


Gerard D. Grandoit, pro se.
Simone R. Liebman for Massachusetts Commission Against Discrimination.
Gabriel S. Gladstone for Operation A.B.L.E. & another.
Kimberly A. Parr, Assistant Attorney General, for Executive Office of Health and Human Services & others, was present but did not argue.
Michael J. Louis, for Boston Housing Authority, was present but did not argue.


SHIN, J.  The plaintiff filed five complaints with the Massachusetts Commission Against Discrimination (commission or MCAD), alleging discrimination in housing and various discriminatory acts relating to his efforts to obtain job-training services.  All of the complaints were dismissed after MCAD investigating commissioners conducted preliminary hearings and found a lack of probable cause to support the allegations.  The question we address in these appeals is whether the Superior Court had jurisdiction under the Administrative Procedure Act, G. L. c. 30A, or the certiorari statute, G. L. c. 249, § 4, to review the investigating commissioners' lack of probable cause

determinations.[4]  We conclude that the court had no jurisdiction and thus affirm the judgments of dismissal.

Statutory and regulatory framework.  "There are two largely independent avenues for redress of violations of the antidiscrimination laws of the Commonwealth, one through the MCAD (G. L. c. 151B, §§ 5-6) and the other in the courts (G. L. c. 151B, § 9)."  Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 817 (1988).  For claims of discrimination relating to housing, complainants may elect at the outset to commence a civil action in court within one year of the allegedly discriminatory act, or file a complaint with the commission within 300 days.  See G. L. c. 151B, §§ 5, 9.[5]  For all other claims, complainants must first file a complaint with the commission within 300 days.  See G. L. c. 151B, § 5.

Once a complaint is filed, the commission has exclusive jurisdiction over it for a period of ninety days.  See G. L. c. 151B, § 9; Depianti v. Jan-Pro Franchising Int'l, Inc., 465 Mass. 607, 613 (2013).  At the expiration of the ninety days,

---

[4] The cases were paired for consideration and oral argument in this court.

[5] "General Laws c. 151B, § 9, was amended by St. 1991, c. 323, to permit a plaintiff alleging housing discrimination to commence a civil action . . . within one year after the unlawful discrimination occurred without first filing a complaint with the MCAD."  King v. First, 46 Mass. App. Ct. 372, 373 n.2 (1999).

"or sooner if a commissioner assents in writing," the complainant may, "not later than three years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief or both." G. L. c. 151B, § 9. The civil action and the commission proceeding may not occur simultaneously. Thus, if a complainant brings a civil action, the commission must dismiss any pending complaint, and the complainant "shall be barred from subsequently bringing a complaint on the same matter before the commission." Id. See Christo, 402 Mass. at 817.

Upon the filing of a complaint, the commission will assign an individual commissioner to investigate the allegations and make a determination whether probable cause exists for crediting them. See G. L. c. 151B, § 5. If the investigating commissioner finds that there is probable cause (and the complainant has not elected to bring a court action), the commission will issue a complaint against the respondent and hold an adjudicatory hearing. See id.[6] Pursuant to G. L.

_____

[6] If the investigating commissioner finds probable cause in the context of housing discrimination, the commission must also serve notice on both "the complainant and respondent of their right to elect judicial determination of the complaint as an alternative to determination in a hearing before the commission." G. L. c. 151B, § 5. If a party elects a judicial determination, "the commission shall authorize, and not later than thirty days after the election is made the attorney general shall commence and maintain, a civil action on behalf of the

c. 151B, § 6, a party aggrieved by the commission's decision after the adjudicatory hearing may seek judicial review in Superior Court in accordance with the standards for review set out in G. L. c. 30A, § 14.  See East Chop Tennis Club v. Massachusetts Comm'n Against Discrimination, 364 Mass. 444, 447 (1973).

If the investigating commissioner instead finds no probable cause to support the allegations, complainants may request a "preliminary hearing" within ten days of service of written notice of the finding.  G. L. c. 151B, § 5.  A preliminary hearing is an informal proceeding held before the investigating commissioner who made the initial finding (or his or her designee), at which complainants may "present orally or in writing reasons why the [l]ack of [p]robable [c]ause determination is in error and to present such evidence in support of their argument as the [i]nvestigating [c]ommissioner or his/her designee deems appropriate."  804 Code Mass. Regs. § 1.15(7)(d) (2008).  After the preliminary hearing, the investigating commissioner may affirm, modify, or reverse the lack of probable cause determination, reopen the matter for further investigation, or "[t]ake such other action as he/she deems necessary in the interest of justice."  Id.  Even where

complainant."  Id.  The "complainant may intervene as of right" in any such action.  Id.

the investigating commissioner affirms the finding of no probable cause, nothing in the statute precludes the complainant from filing a civil action under G. L. c. 151B, § 9, so long as it is initiated within the limitations period.

Discussion.  The plaintiff brought separate actions in Superior Court seeking judicial review of the five lack of probable cause determinations issued by the investigating commissioners after preliminary hearings.  In each action one or more of the defendants moved to dismiss under Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), on grounds that the lack of probable cause determinations were not reviewable under G. L. c. 30A or G. L. c. 249, § 4.  We review the decisions allowing those motions de novo.  See 311 W. Broadway LLC v. Board of Appeal of Boston, 90 Mass. App. Ct. 68, 73 (2016).

Judicial review under G. L. c. 30A, § 14, is available to persons "aggrieved by a final decision of any agency in an adjudicatory proceeding."  An "adjudicatory proceeding" is defined as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provisions of the General Laws to be determined after opportunity for an agency hearing."  G. L. c. 30A, § 1.  Agencies must conduct adjudicatory proceedings in compliance with certain statutory requirements, including giving the parties the right to call,

examine, and cross-examine witnesses and issuing "a statement of reasons for the decision, including determination of each issue of fact or law necessary to the decision."  G. L. c. 30A, § 11.

As the Supreme Judicial Court concluded in Christo, 402 Mass. at 818, a preliminary hearing before an investigating commissioner is not an "adjudicatory proceeding" within the meaning of G. L. c. 30A, "and no statutory right of appeal for judicial review applies to . . . a determination [by the investigating commissioner]."  Indeed, G. L. c. 151B, § 5, expressly provides that "a preliminary hearing shall not be subject to the provisions of chapter [30A]."  Moreover, while G. L. c. 151B, § 6, provides for judicial review of "such order[s] of the commission," G. L. c. 151B, § 5, does not refer to determinations of no probable cause, issued before or after a preliminary hearing, as "order[s]."  It is thus clear that the judicial review provision applies only to "order[s]" issued after the full adjudicatory hearing that the commission will hold upon an investigating commissioner's affirmative determination that probable cause exists.  See G. L. c. 151B, § 5 (after adjudicatory hearing, commission shall issue either "an order requiring [the] respondent to cease and desist" or "an order dismissing the . . . complaint as to such respondent").

Consistent with the statutory scheme, the commission's implementing regulations state that a "[f]inal" decision is one

that is issued by the "[f]ull [c]ommission." 804 Code Mass. Regs. § 1.24 (1999). See Massachusetts Teachers' Retirement Sys. v. Contributory Retirement Appeal Bd., 466 Mass. 292, 297 (2013), quoting Borden, Inc. v. Commissioner of Pub. Health, 388 Mass. 707, 723, cert. denied sub nom. Formaldehyde Inst., Inc. v. Frechette, 464 U.S. 936 (1983) ("[A] properly promulgated regulation has the force of law . . . and must be accorded all the deference due to a statute"). An investigating commissioner's determination to uphold an initial finding of lack of probable cause is not a decision by the full commission because only the investigating commissioner (or his or her designee) presides at a preliminary hearing. See 804 Code Mass. Regs. § 1.15(7)(d). The investigating commissioner's determination is therefore not a "final" agency decision subject to judicial review under G. L. c. 30A or, by extension, G. L. c. 151B, § 6.

Nor is judicial review available under the certiorari statute, G. L. c. 249, § 4. "Certiorari is a limited procedure reserved for correction of substantial errors of law apparent on the record created before a judicial or quasi-judicial tribunal." School Comm. of Hudson v. Board of Educ., 448 Mass. 565, 575-576 (2007). To be entitled to certiorari review, a plaintiff must demonstrate three elements: "(1) a judicial or quasi judicial proceeding, (2) from which there is no other

reasonably adequate remedy, and (3) a substantial injury or injustice arising from the proceeding under review."  Indeck v. Clients' Sec. Bd., 450 Mass. 379, 385 (2008).

Here, even assuming that a preliminary hearing is a quasi judicial proceeding,[7] certiorari review is unavailable because the plaintiff has an adequate alternative remedy and has not suffered a substantial injury or injustice from the investigating commissioners' lack of probable cause determinations.  The purpose of the preliminary hearing is to determine what formal action, if any, the commission will take on the complaint pursuant to G. L. c. 151B, § 5.  See Stonehill College v. Massachusetts Comm'n Against Discrimination, 441 Mass. 549, 563 (2004) ("The complainant . . . may be a party to a § 5 proceeding and may present testimony at the public hearing, but it is the MCAD, and not the complainant, that

---

[7] Whether a proceeding qualifies as quasi judicial is governed by a flexible, multifactor test.  See Revere v. Massachusetts Gaming Comm'n, 476 Mass. 591, 600-601 (2017). Factors indicating that the preliminary hearing is not quasi judicial include that it is not "preceded by specific charges," and the investigating commissioner is not required to take "sworn testimony by witnesses" or issue "formal findings of fact."  Id.  On the other hand, complainants are given the "opportunity to respond" to the initial finding of no probable cause, the investigating commissioner is "required to conduct [an] investigation[] into the" allegations of the complaint, and the investigating commissioner will then issue an "individualized determination" that does "not concern a new rule of general applicability."  Id. at 601.  Given that the plaintiff cannot satisfy the other requirements for certiorari review, we need not resolve this issue.

prosecutes the discrimination claim").  An investigating commissioner's determination of no probable cause will end the administrative process but will not preclude the complainant from bringing a civil action under G. L. c. 151B, § 9, against the person or entity that committed the alleged discrimination.  Chapter 151B thus provides for a reasonably adequate remedy, barring review under the certiorari statute.  See Cumberland Farms, Inc. v. Planning Bd. of Bourne, 56 Mass. App. Ct. 605, 608 (2002) (certiorari review unavailable because "zoning appeal pursuant to G. L. c. 40A, § 17, provided a reasonably adequate remedy").

For related reasons the plaintiff cannot show that he suffered a substantial injury or injustice from the commission's decision not to institute formal proceedings.  Chapter 151B does not compel the commission to prosecute each one of the many complaints that it receives.  Rather, the statute leaves that decision wholly within the discretionary authority of the commission, see G. L. c. 151B, § 5, while providing complainants with an adequate alternative remedy in the event the commission declines to take formal action.  Certiorari is not available to the plaintiff in these circumstances.  See State Bd. of Retirement v. Bulger, 446 Mass. 169, 173 (2006), quoting Massachusetts Bay Transp. Auth. v. Auditor of the Commonwealth, 430 Mass. 783, 790 (2000) (certiorari can be used to "rectify

only those errors of law which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public"); Stonehill College, 441 Mass. at 563 ("primary purpose of an administrative proceeding before the MCAD is to vindicate the public's interest in reducing discrimination in the workplace by deterring, and punishing, instances of discrimination by employers against employees").[8]

Judgments affirmed.

---

[8] Given our decision we do not reach the remaining issues raised by the parties.