NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-231

RUSSELL GLOVER, SR.

vs.

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Russell Glover, Sr., appeals from a separate and final judgment entered pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), dismissing his amended complaint against defendant Massachusetts Commission Against Discrimination (MCAD).  We affirm.

In March 2019, Glover filed a discrimination complaint with MCAD alleging discrimination by Venture Café (Venture) in a place of public accommodation in violation of G. L. c. 272, § 92A, which was dismissed in April 2019.  In March 2021, Glover filed another discrimination complaint with MCAD against Venture and Kevin Wiant alleging a violation of G. L. c. 272, § 92A.  On August 26, 2021, a single investigating commissioner dismissed

_____

[1] Kevin Wiant and Venture Café.

the second complaint.  On October 15, 2021, Glover appealed[2] the dismissal pursuant to G. L. c. 151B, § 5, and 804 Code Mass. Regs. § 1.08(4)(b) (2020).  The investigating commissioner affirmed the dismissal of the second complaint.

On November 12, 2021, Glover filed a complaint in the Superior Court seeking judicial review of MCAD's decision to dismiss the second discrimination complaint.  A judge of the Superior Court allowed MCAD's motion to dismiss the complaint, as amended, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Acting on MCAD's motion, a second judge ordered the entry of a separate and final judgment pursuant to Mass. R. Civ. P. 54 (b).  This appeal followed.

This case is controlled in all material respects by Grandoit v. Massachusetts Comm'n Against Discrimination, 95 Mass. App. Ct. 603 (2019).  Glover's complaint for judicial review is barred by G. L. c. 151B, § 5, and thus the court lacked subject matter jurisdiction over these claims.  See Grandoit, supra at 606.  See also Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974).  Put differently, a request for judicial review under G. L. c. 30A is reserved for MCAD decisions that

_____

[2] This appeal is referred to as a preliminary hearing.  See 804 Code Mass. Regs. § 1.08(4)(b) (2020).

2

are final and adjudicatory.  See Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 818 (1988).  The decision at issue here was an informal review of the MCAD complaint at a preliminary hearing, and thus not reviewable on appeal.  See Grandoit, supra at 605-607.  There was no error.

Glover's request for certiorari review pursuant to G. L. c. 249, § 4, fares no better.  "To be entitled to certiorari review, a plaintiff must demonstrate three elements:  (1) a judicial or quasi-judicial proceeding, (2) from which there is no other reasonably adequate remedy, and (3) a substantial injury or injustice arising from the proceeding under review" (quotation and citation omitted).  Grandoit, 95 Mass. App. Ct. at 607.  Even if the preliminary hearing at issue in this case is a quasi-judicial proceeding, Glover retained his right to file a private civil action against Venture and Wiant under G. L. c. 151B, § 9, and therefore, had another remedy available to him precluding certiorari review.  See Grandoit, supra at 607-608.

Glover also challenges entry of the separate and final judgment under Mass. R. Civ. P. 54 (b).  The judge concluded that "the interests of justice will be served by confining all future litigation regarding [Glover's] claims against the MCAD . . . to one, case appropriate, forum."  There was no error as the judge had the discretion to allow entry of a separate and

3

final judgment "in light of judicial administrative interests as well as the equities involved" (citation omitted).  Barbetti v. Stempniewicz, 490 Mass. 98, 103 (2022).

Finally, "[t]o the extent that we have not specifically addressed other points made . . . in [Glover's] brief, they 'have not been overlooked.  We find nothing in them that requires discussion.'"  Commonwealth v. Brown, 479 Mass. 163, 168 n.3 (2018), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

The separate and final judgment entered pursuant to Mass. R. Civ. P. 54 (b) is affirmed, and the case is remanded for further proceedings.

So ordered.

By the Court (Meade, Blake & Desmond, JJ.[3]),

Assistant Clerk

Entered:  February 7, 2024.

---

[3] The panelists are listed in order of seniority.