NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-340

RON ARSLEN

vs.

CHARLES SLATKIN & others,[1] trustees.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Ron Arslen (unit owner), filed a complaint in the Superior Court against the defendant trustees of the Kettle Brook Lofts Condominium Trust (condominium trust), seeking declaratory and injunctive relief after the condominium trust imposed a series of fines and fees on the unit owner following his alleged violation of the condominium trust's governing documents and subsequent refusal to cease occupying his unit.  After the parties cross-moved for summary judgment,

---

[1] Amanda Pearce and Alexander Jenkins.

[2] Of the Kettle Brook Lofts Condominium Trust.  As is our usual practice, we take the parties' names and capacities from the plaintiff's operative complaint.

the judge allowed the unit owner's motion for summary judgment and denied the condominium trust's motion.  On appeal, the condominium trust argues that the judge erred in (1) holding that the condominium trust has no authority to order the unit owner to cease and desist occupying his unit; and (2) ordering that the fees and fines the condominium trust had imposed on the unit owner for failing to cease and desist occupying his unit be declared null and void.  We affirm.

Background.  On September 13, 2022, the unit owner, while a resident at the Kettle Brook Lofts Condominium, was involved in a physical altercation with another resident, Aaron Golub, in the condominium's lobby.  Golub alleged that the unit owner assaulted him by "hitting [him] with his fists, kicking [him] with his boots, and repeatedly hitting [him] with a crowbar."[3] As a result of the incident, on September 19, 2022, the condominium trust sent the unit owner a letter demanding that he "cease and desist" occupying his unit, claiming his alleged actions were "in violation of the governing documents of the Condominium and Massachusetts General Laws, Chapter 183A."

---

[3] The unit owner was arrested and arraigned on two counts of assault and battery with a deadly weapon following the incident. We take judicial notice that, in February 2024, seventeen months after the events at issue in this case, the unit owner pleaded guilty.  On one count, he received a suspended sentence of one year of incarceration, and on the other, he received two years of probation, which he is currently serving.

Specifically, the condominium trust informed the unit owner that his conduct violated rule 5 of the rules and regulations, which states that, "[n]o Unit Owner shall engage in or permit any noxious or offensive activities." Accordingly, the condominium trust ordered the unit owner to cease and desist occupying his unit pursuant to rule 25 of the rules and regulations, which states, "[i]f the violation is determined by the Trustees to be of a nature, which could affect the safety of the owners and residents of the Condominium, the Trustees reserve the right to take whatever means necessary to stop the said violation immediately." The condominium trust warned that if the unit owner did not comply with the demand letter, it would impose daily fines for his noncompliance and "all costs or expenses incurred by the Board in connection with this matter."

On November 14, 2022, the condominium trust began imposing fines on the unit owner of $175 per week, and as of February 28, 2023, the fines and attorney's fees the condominium trust imposed on the unit owner's condominium account totaled approximately $14,450. On January 12, 2024, a Superior Court judge granted the unit owner's motion for summary judgment and denied the condominium trust's cross-motion for summary judgment. In his order, the judge declared that the condominium trust "has no right or authority to order plaintiff to 'cease and desist from occupying' [his] Unit" and "any fees or fines

3

associated with the [condominium trust]'s 'cease and desist from occupying' order are declared null and void."

Discussion.  "We review a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation and quotation omitted).  Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 272 (2020).  "On appellate review of a judge's decision on cross motions for summary judgment, we view the record in the light most favorable to the party against whom the judge allowed summary judgment."  Marhefka v. Zoning Bd. of Appeals of Sutton, 79 Mass. App. Ct. 515, 516 (2011).  "In affirming summary judgment, we may rely on grounds different from those relied upon by the judge."  Audette v. Commonwealth, 63 Mass. App. Ct. 727, 728 (2005).

The condominium trust argues that the unit owner violated the condominium's rules and regulations and therefore prohibiting him from occupying his unit is a reasonable restriction to impose on the use of his unit.  We disagree.

"Ownership of a condominium unit is a hybrid form of interest in real estate, entitling the owner to both exclusive ownership and possession of his unit, G. L. c. 183A, § 4, and . . . an undivided interest [as tenant in common together with all the other unit owners] in the common areas" (citation

4

and quotation omitted). Berish v. Bornstein, 437 Mass. 252, 262 (2002). "General Laws c. 183A, § 11 (e), permits restrictions on the use of residential units which are 'designed to prevent' unreasonable interference by individual unit owners with the other owners' use of their respective units and the common areas and facilities." Noble v. Murphy, 34 Mass. App. Ct. 452, 456 (1993). "This provision has been held to permit regulation of the use of a condominium unit that unreasonably interferes with the enjoyment by the various unit owners of their units, but only if the restriction is contained in the by-laws or master deed." Granby Heights Ass'n, Inc. v. Dean, 38 Mass. App. Ct. 266, 268 (1995). "The most common standard of review [of condominium use restrictions] is equitable reasonableness." Noble, supra at 457 (quotation omitted).

Here, the condominium trust invoked rules 5 and 25 as justification for its demand that the unit owner cease and desist occupying his unit. Both rules are contained in the "Rules and Regulations for Kettle Brook Lofts," which is distinct from the condominium's Master Deed and by-laws. The condominium trust argues that the rules and regulations are incorporated into the by-laws, but that argument is not supported by controlling case law. While the rules and regulations address the use of residential units and the by-laws state that the rules and regulations are "made a part hereof,"

5

the rules and regulations do not contain the same amendment standard as the by-laws or master deed, both of which require a minimum of two-thirds of the total votes in the condominium to amend.  See Johnson v. Keith, 368 Mass. 316, 320 (1975) (declining to treat rules and regulations as by-laws where, even though by-laws state that rules and regulations are "made a part hereof," rules and regulations are subject to different amendment standard).  See also G. L. c. 183A, § 11 (d) (by-laws shall provide standard of adopting and amending "rules and regulations governing the details of the operation and use of the common areas and facilities").  Therefore, because the rules and regulations cannot restrict an owner's use of their own unit, rule 5 and 25 cannot be invoked here to impose a restriction of the utmost gravity in prohibiting the unit owner from residing in his unit.  See Granby Heights Ass'n, 38 Mass. App. Ct. at 268.

Furthermore, even if the rules and regulations had been incorporated into the by-laws, any restriction on a unit owner's use of his unit imposed by a condominium trust must be reasonable.  See Noble, 34 Mass. App. Ct. at 457.  To be sure, where a restriction is contained in the condominium's originating documents, it "may have a certain degree of unreasonableness to it, and yet withstand attack in the courts." Id. at 459 (quotation omitted).  Nevertheless, even such

6

restrictions are subject to invalidation if "they are wholly arbitrary in their application, in violation of public policy, or . . . abrogate some fundamental constitutional right." Id. (quotation omitted).

Here, rule 25 gives the condominium trust the right to "take whatever means necessary" to stop violations that "could affect the safety of the owners and residents of the Condominium." Invoking this language to prohibit the unit owner from residing in his unit after he allegedly committed a violent act in the condominium common area is unduly restrictive.[4] The vague and undefined language of rule 25, "whatever means necessary," did not reasonably inform the unit owner that he risked losing his ability to reside in his unit as the result of his conduct in the common area. Compare CMJ Mgt. Co. v. Wilkerson, 91 Mass. App. Ct. 276, 278 (2017) (eviction upheld where tenant's grandson engaged in criminal activity on premises and tenant was on notice because lease stated "[t]he Landlord may terminate [the lease] . . . [if there is] . . . criminal activity by a tenant, any member of the tenant's household, a guest or another person under the tenant's control"). The

---

[4] There were other restrictions available that the condominium could have reasonably imposed on the unit owner; for example, prohibiting the unit owner from using the condominium's common areas except to enter and exit his unit.

7

condominium trust cites to no authority that allows the invocation of similarly broad language in condominium by-laws to prohibit the unit owner from residing in their unit. Without such support, such an expansive reading of rule 25 cannot be deemed reasonable. See Johnson, 368 Mass. at 320 ("Where a person's right to use his or her own property is involved, any ambiguity in an asserted restriction of this type should be construed in favor of the freedom of the property from that restriction").

Judgment affirmed.

By the Court (Henry, Smyth & Toone, JJ.[5]),

Clerk

Entered:  August 4, 2025.

---

[5] The panelists are listed in order of seniority.